JOHN A. GIBSON AND KINCHEN A. MARTIN, PLAINTIFFS IN ERROR, *v.* BEVERLEY CHEW, DEFENDANT IN ERROR.

The Circuit Courts of the United States have not cognisance of any suit to recover the contents of any promissory note or other chose in action in favour of an assignee, unless a suit might have been prosecuted in such Court to recover the said contents, if no assignment had been made; except in cases of foreign bills of exchange.

IN error to the Circuit Court of the United States for Mississippi.

An action was instituted in the Circuit Court of the United States for the district of Mississippi, by Beverly Chew, a citizen of the state of Louisiana, against John A. Gibson and Kinchen A. Martin, citizens of the state of Louisiana. The action was brought to recover the amount of a promissory note drawn by John A. Gibson in favour of, and endorsed by Kinchen A. Martin, for three thousand five hundred dollars, and endorsed over to the plaintiff.

The declaration set out the promissory note, the drawer and endorser of the same being included in the same writ, under the provisions of an act of the legislature of Mississippi; which had been adopted as a rule of practice in the Circuit Court, by order of the District Judge holding the Circuit Court.

The defendants appeared to the action, and having demurred to the plaintiff's declaration, filed the following causes of demurrer.

1. This Court has no jurisdiction, the plaintiff in his declaration being the assignee of Kinchen A. Martin, who is a citizen of the same state with the maker of the note sued on, as declaration avers.

2. The declaration does not aver defendants to be residents of the southern district of Mississippi.

The demurrer was overruled, and the defendants having refused to plead to the merits of the action, judgment was rendered in favour of the plaintiff. The defendants prosecuted this writ of error.

The case was argued by Mr. Walker, for the plaintiffs in error; and by Mr. Key, for the defendants. ·

Mr. Walker, for plaintiffs in error, stated, that this was a suit against the drawer and endorser of a promissory note, both being alleged in the declaration to be citizens of the state of Mississippi. Then by the eleventh section of the judiciary act of the 24th September, 1789, no suit could be prosecuted in the Court below against the maker of the note. It is said a state law authorizes this proceeding; but no state law can repeal, or be intended to repeal an act of Congress limiting the jurisdiction of the Courts of the United States. By the act of Congress, the Courts of the Union are expressly deprived of all jurisdiction in this case; and such jurisdiction cannot be conferred by a state law, especially in direct opposition to an act of Congress in full force and unrepealed.

Mr. Key, for the defendant in error.

Mr. Justice WAYNE delivered the opinion of the Court.

This suit was brought in the Circuit Court of the United States for the southern district of Mississippi, by the defendant in error, as the endorsee of a promissory note, made in Mississippi, of which the plaintiff in error, Martin, was the payee, and the plaintiff, Gibson, the maker; both maker and payee being citizens of the state of Mississippi when the note was made.

The jurisdiction of the Court is denied, and the plea should have been sustained in the Court below, as the Circuit Courts of the United States have not cognisance of any suit to recover the contents of any promissory note or other chose in action in favour of an assignee, unless a suit might have been prosecuted in such Court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange. See the eleventh section of the act to establish the judicial Courts of the United States, 1 Story's Laws, 53.

The judgment of the Court below is reversed.