THOMAS J. COFFEE, PLAINTIFF IN ERROR, *v.* THE PLANTERS BANK OF TENNESSEE.

By the eleventh section of the Judiciary Act, 1 Stat. at Large, 78, no action can be brought in the Federal courts upon a promissory note or other chose in action, by an assignee, unless the action could have been maintained, if there had been no assignment. But an indorsee may sue his own immediate indorser.

Hence, where an action was brought by an indorsee upon checks which had been indorsed from one person to another in the same State, and some of the counts of the declaration traced the title through these indorsements, no recovery could have been had upon those counts.

But the declaration also contained the common money counts; and, upon the trial, these were the only counts which remained, all the rest having been stricken out. The suit against the maker, and also against all the indorsers, except one, had been discontinued.

The statute of the State where the trial took place authorized a suit upon such an instrument as if it were a joint and several contract.

The dismissal of the suit against all the indorsers except one, and the striking out of all the counts against him except the common money counts, freed the judgment against him from all objection; and, therefore, when brought up for review upon a writ of error, it must be affirmed.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Southern District of Mississippi.

The facts are stated in the opinion of the court.

It was argued by *Mr. Coxe*, for the plaintiff in error, and *Mr. Badger*, for the defendants in error.

*Mr. Coxe.* This was an action in the Circuit Court of the United States by the Planters Bank against plaintiff in error and six others, as the drawers and indorsers of several checks, bills, promissory notes, &c. The plaintiff is averred to be a corporation, created by the laws of Tennessee, &c.; and each and every of the defendants is averred to be a citizen of the State of Mississippi, and these averments were necessary to give jurisdiction to the court. The declaration contains numerous special counts, in all of which, however, the instrument which is the subject of it is averred to have been made in the State of Mississippi, between parties, citizens of that state, and which, after several indorsements, finally came to the hands of plaintiff. In no one instance, however, was the defendant the immediate indorser to plaintiff. It is supposed that in such a case the Circuit Court had no jurisdiction. Young *v.* Bryan, 6 Wheat. 146; Sullivan *v.* Fulton Steamboat Company, 6 Wheat. 450; Mollan *v.* Torrance, 9 Wheat. 537; Evans *v.* Gee, 11 Peters, 80.

The only ground upon which jurisdiction in this case can be sustained is supposed to be presented in the last count in the declaration. This is the common money count.

This action is, as has been stated, brought originally against seven defendants. Every count in the declaration was a joint contract. Three of the defendants were served with the first process; five upon the second or *alias* summons. It does not appear ever to have been served on the Mississippi and Alabama Railroad Company. Moss, Packett, Coffee, and Sheldon plead *non assumpsit* jointly; Crozier pleads separately. The death of Washington and Shelton is suggested, and the suit abated as regards them. This is the proper course when defendants are jointly responsible, but not when their liabilities are several and distinct. The plaintiffs then discontinued the action as to all the defendants, except Coffee, plaintiff in error, and forthwith proceeded to have a jury impanelled to try the issue joined. Verdict and judgment for plaintiffs against Coffee.

The record then presents this case : All the defendants are averred to be jointly responsible on a joint contract. Plaintiff in error, with two of his associates, pleads a joint plea. Upon this issue is joined. It is insisted that under these circumstances a discontinuance of the action against one is a discontinuance as against all.

The issue being upon a joint plea, averring that the parties did not, as is alleged in the declaration, jointly promise, the verdict and judgment against Coffee singly, as having made a several promise, is a departure from the issue, and void.

When the *narr.* consisted of two counts against two individuals, and demurrer because one of the defendants was not named in the last count, plaintiff cannot enter a *nol. pros.* on that count, and proceed on the other. So if one pleads infancy, plaintiff cannot enter a *nol. pros.* as to him, and proceed against the other. Tidd's Pr. 630. In *assumpsit* or other action upon contract, plaintiff cannot enter a *nol. pros.* as to one, unless it be for some matter operating in his personal discharge, without releasing the others. Tidd, 632.

In the case at bar, the declaration avers a joint contract between the plaintiffs and seven defendants. Three of the defendants being served with process, appear and plead jointly that they did not promise as is alleged against them. The death of some of the defendants is suggested, and consequently all the others are to be considered as living. At this stage of the case the plaintiff discontinued his action against all the defendants except one, and proceeds to take a verdict and judgment against him.

It is admitted upon authority that if one alone is sued upon a joint contract, he must avail himself of the non-joinder of his co-contractor by a plea in abatement. If, however, the plaintiff in his declaration shows, the contract to be joint, no plea in abatement is required, if it also appear that the party who ought to have been joined is living. 1 Chitty, Pl. 29 ; 1 Wms. Saunders, 291. This doctrine is distinctly laid down in Scott *v.* Godwin, 1 Bos. & Pull. 73 ; 2 Saund. 422, Wms. Note ; United States *v.* Linn, 1 How. 104 ; United States *v.* Gerault, 11 How. 22.

Such omission, apparent on plaintiffs' pleadings, may either be moved in arrest of judgment or in error.

*Mr. Badger,* for defendants in error.

It is contended, for the defendants in error, that there is no error in the judgment. The jurisdiction of the court below is evident upon the undisputed averments of the declaration.

There was nothing irregular ; nothing erroneous in permitting the discontinuance as to the other parties : on the contrary, the regularity and legality of the proceeding have been sanctioned by cases in this court.

In the case of McAfee *v.* Doremus, 5 How. R. 53, McAfee had been sued in the Circuit Court of Mississippi as indorser of a bill of exchange, jointly, with four persons as the drawers of the

16*

bill.   McAfee appeared, and pleaded severally the general issue, and three of the four drawers having been served with process, the action was d continued as to the four, carried on against McAfee alone, and upon a judgment rendered against him, a writ of error was brought in this court.  Here the judgment was unanimously affirmed, the court saying that there was "no objection, in principle or in practice, to the discontinuance of the writ against the drawers of the bill."

In the Bank of the United States *v.* Moss, 6 How. 32, there was, on appearance by all the defendants, a joint plea, and afterwards the action was discontinued as to one of the parties, and a verdict and judgment taken against the others.  To this, there was no objection taken below or here, and no writ of error was brought upon the judgment.

Mr. Justice DANIEL delivered the opinion of the court.

The questions of law to be decided in this cause, arise upon the following facts:  The defendant in error, (the plaintiff in the court below,) described in the pleadings to be a corporation created by the laws of the State of Tennessee, the stockholders of which are citizens of Tennessee, declared in *assumpsit,* in the court below against the Mississippi and Alabama Railroad Company, averred to be a corporation created by the laws of Mississippi, and also against William H. Shelton, Robert G. Crozier, Henry K. Moss, Samuel M. Puckett, Thomas G. Coffee, (the plaintiff in error,) and William H. Washington, averring the said individuals to be all citizens of the State of Mississippi.   The declaration contained twenty-four counts; twenty-three of which set out respectively checks drawn by the Mississippi and Alabama Railroad Company, for different sums of money, payable to some of the individual defendants in the court below, and indorsed by the payee and successively by the other defendants, so as at last to become payable to the plaintiff below, the defendant in error as the last indorsee.

The last or twenty-fourth count in the declaration, was upon an *indebitatus assumpsit,* for one hundred and fifty thousand dollars, for money lent and advanced, for the like sum for money laid out and expended, and for the like sum for money had and received, laying the damages at three hundred thousand dollars.

The defendants below, Moss, Puckett, Shelton, and Coffee the plaintiff in error, appeared to the suit and pleaded jointly the general issue.   Crozier also appeared and pleaded *non assumpsit.* The Mississippi and Alabama Railroad Company did not appear.   Afterwards, upon a suggestion of the death of Washington and Shelton, the suit was abated as to these parties, and upon the motion of the plaintiff below, the defendant in error,

the suit was ordered to be discontinued as to all the defendants below except the plaintiff in error; and a jury being impanelled upon the issue joined as to him, found a verdict against him in damages for the sum of $149,924.97 for which sum together with costs of suit, a judgment was entered by the Circuit Court. No exception appears to have been taken to the forms of proceeding, nor to any ruling by the court upon the trial, and the questions for consideration here are raised upon facts as above set forth.

On behalf of the plaintiff in error it is insisted, that upon none of the twenty-three counts, each of which sets forth a deduction of title by intermediate indorsements from the payees, can this action be maintained, because it appears, on the face of those counts, that the drafts or checks constituting the claim were drawn by a corporation situated within the State of Mississippi, and the members of which corporation were citizens and inhabitants of that State, in favor of payees who being also citizens of that State, could not sue upon those drafts in the courts of the United States, and could not, by indorsement, confer upon others a right denied by the law to themselves.

By the 11th section of the act of Congress establishing the Judical Courts of the United States, it is declared, that no District or Circuit Court of the United States shall have cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange. This provision has been expounded by this court as early as 1779 in the case of Turner's Administrator v. The Bank of North America, 4 Dall. 8. It has received a farther interpretation in the case of Montalet v. Murray, 4 Cranch, 46; of Young v. Bryan, 6 Wheat. 146; of Mollan v. Torrance, 9 Wheat. 537; and of Evans v. Gee, 11 Pet. 80. These several decisions have settled the construction of the 11th section of the Judiciary Act, and the principle they have affirmed is unquestionably fatal to a right of recovery under the twenty-three first counts, for they deny jurisdiction in the courts of the United States over cases of intermediate deduction of title from the payee, where such payee and the maker of the instrument are citizens of the same State, with the exception of foreign bills of exchange; and in the case before us every special count is framed upon a title thus deduced; and is not within the exception made by the statute. But whilst the authorities cited have laid down the above doctrine with reference to intermediate deductions of title from the payee of a note or check, they have ruled with equal clearness that as between the

immediate indorsee and indorser, being citizens and inhabitants of different States, the jurisdiction of the Federal courts attaches, as upon a distinct contract between these parties, independently of the residence of the original and remote parties to the instrument. Upon the doctrine thus ruled, the following question recurs for our decision upon this record, viz., whether the plaintiff below, the defendant in error, as a corporation created by and situated within the State of Tennessee, and the members of which corporation were citizens of that State, as immediate indorsee of the plaintiff in error, a citizen and inhabitant of the State of Mississippi, had the right to a recovery against him, as the immediate indorser of the notes or checks on which the action was founded. As to the general principle relative to the jurisdiction of the Federal courts, and as to the right of recovery or of action as between the immediate indorsee and indorser, we have already stated that principle as having been conclusively settled; if then there can be an objection to its application or controlling effect in the case before us, it must exist as to the manner of that application in the proceedings in this cause, and not to the rule itself. Such objection, it has been attempted, on the part of the plaintiff in error, to maintain. Thus it is disclosed upon the record, that after the general issue pleaded by all the defendants except the Mississippi and Alabama Railroad, who were in default, the action was by order of the Circuit Court, on the motion of the plaintiff, discontinued as to all the defendants except the now plaintiff in error, the last indorser, and as to him also, upon all the counts except the general *indebitatus assumpsit*, upon which the case was tried and verdict and judgment obtained. It has been insisted, that the proceeding just mentioned, under the order of the Circuit Court, was erroneous; that the liability of the defendants was a joint liability, as set forth in the declaration, and could not be severed upon motion, and that the discontinuance as to one of the defendants was a discontinuance as to them all. It may here be remarked, in the first place, that however the liability of the defendants below may have been presented by the declaration, it is certain that the responsibility of the indorser to his immediate indorsee, is strictly a several responsibility, and that so far as the jurisdiction of the Federal court is concerned, there is no right in the indorsee to look beyond that responsibility into transactions between citizens of the same State. The courts of the United States, therefore, could not, upon the face of the pleadings, take cognizance of questions beyond the several responsibility arising out of the transaction between the indorsee and his immediate indorser. We deem it unnecessary, however, to examine critically, in connection with

the proceedings had in this cause, the doctrine of joint and several obligations as settled by the common law and the rules of pleading founded thereon, and are the less disposed to listen to objections drawn from that source at this stage of the case, as not an exception has been taken upon the record to any of the proceedings in the Circuit Court, which are therefore entitled to every presumption in their favor, whether of fact or law, which is not excluded by absolute authority. But the proceedings in this case should not be tested by the rules of the common law in relation to joint and several obligations ; but should be judged of by the regulations of a local polity which has been adopted by the courts of the United States, and in conformity with which the pleadings in this case have been controlled and modelled.

By the statute of Mississippi, vide Howard & Hutchinson's edition, c. 44, p. 578, s. 9, it is declared that, " Every joint bond, covenant, bill, or promissory note, shall be deemed and construed to have the same effect in law as a joint and several bond, covenant, bill, or promissory note, and it shall be lawful to sue out process and proceed to judgment against any one of the obligors, covenantors, or drawers of such bond, covenant, bill, or promissory note, in the same manner as if the same were joint and several." In the same collection, c. 45, p. 594, s. 28, it is laid down, that " it shall hereafter be lawful for the holder or holders of any covenant, bond, bill, or promissory note, signed by two or more persons, to sue any number of the covenantors, obligors, or drawers thereof in one and the same action."

By these statutory provisions the rules prescribed under the common law with respect to suits upon joint and several promises have been essentially changed, and the same license which concedes to a party the power of instituting his suit against one or more, or all the parties to an undertaking, carries with it by necessary implication the right to prosecute or discontinue it in the same sense and to the same extent and degree. In accordance with this conclusion is the interpretation given to the statutes of Mississippi by the Supreme Court of that State, as will be seen in the cases of Peyton & Halliday v. Scott, 2 How. (Miss.) Rep. 870 ; Lynch et al. v. Commissioners of the Sinking Fund, 4 Id. 377 ; Dennison v. Lewis, 6 Id. 517 ; Prewet v. Caruthers et al., 7 Id. 304 ; and that interpretation, by the State court, of these statutes, has been repeatedly sanctioned as a rule of proceeding in the Circuit Court of the United States for the District of Mississippi, by the decisions of this court, as will be seen by the cases of McAfee v. Doremus, 5 How. 53 ; of The Bank of the United States v. Moss et al. 6 How. 31 ; and of The United States v. Girault et al. 11

How. 22. It follows, then, from the foregoing authorities, as an inevitable conclusion, that whether the undertakings set out in the special counts or in the general *indebitatus assumpsit* be taken as joint or as joint and several, it would have constituted no valid objection to the proceedings in the Circuit Court by which the cause was discontinued, as to all the defendants save the last or immediate indorser, even had such an objection been directly and expressly presented and reserved by the pleadings. That discontinuance deprived him of no right, imposed upon him no burden or responsibility he was not already bound to sustain — it merely left him in the exact position in which his undertaking with the plaintiff below could be regularly and properly adjudicated. Upon full consideration, therefore, we think that the judgment of the Circuit Court should be, and the same is hereby affirmed.

## *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States, for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered, and adjudged, by this court, that the judgment of said Circuit Court in this cause, be, and the same is hereby affirmed with costs and damages, at the rate of six per centum per annum.