## MORGAN'S EXECUTOR *v.* GAY.

1. Where a citizen of one State as indorsee of inland bills, drawn or accepted by a citizen of another—the plaintiff claiming through the indorsement of the payee, or of the payee and subsequent indorsers—sues the drawer or acceptor, in the Circuit Court, the eleventh section of the Judiciary Act requires that the citizenship of such payee, or of such payee and subsequent indorsers, be alleged to be different from that of the defendant. It is not enough to allege that the plaintiff is a citizen of one State and the defendant of another.
2. It is not competent for a Circuit Court to determine, without the intervention of a jury, an issue of fact in the absence of the counsel of the party and without any written agreement to waive a trial by jury.

ERROR to the Circuit Court for the District of Louisiana; the case being thus:

The eleventh section of the Judiciary Act, which gives jurisdiction to the Circuit Courts of suits "between a citizen of the State where the suit is brought and a citizen of another State," enacts, nevertheless, that no Circuit Court shall "have cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made; except in cases of *foreign* bills of exchange."

This statute being in force, Gay, as indorsee of three several *inland* bills of exchange, drawn or accepted by one Morgan, in his life, sued his executor upon them. Two of the bills were indorsed by the payees, and the third by its payee and by other indorsers.

The plaintiff in his petition described himself as a citizen of Kentucky, and described the defendant as a citizen of Louisiana, but said nothing about the citizenship of the payees of the bills, nor, in the case of that one indorsed by subsequent indorsers, of the citizenship of these.

The defendant pleaded the statute of limitations, general issue, &c.

The cause was called for trial, the plaintiff being repre-

sented by counsel; but the counsel for the defendant *not being present.* The cause was submitted for hearing to the court *without a jury,* and without any written stipulation such as that which, when made in writing and filed with the clerk of the court, the act of March 3d, 1865, allows to have the effect of waiving a jury. The court overruled the plea, determined that the case was made out, and rendered a judgment for the plaintiff for the sum of the three bills, with interest and costs.*

The defendant now brought the case here for review.

*Messrs. J. A. and D. G. Campbell, for the plaintiff in error; no opposing counsel.*

Mr. Justice STRONG delivered the opinion of the court.

The plaintiff is an assignee of the bills within the meaning of the eleventh section of the Judiciary Act of 1789, and by the express provisions of the section is not entitled to maintain his action in the Circuit Court, unless a suit might have been prosecuted in such court to recover the contents of the bills if no assignment had been made. But the petition does not show that the indorsers through whom the plaintiff claims were not citizens of Louisiana at the time the suit was brought. It is true, the citizenship of the defendant is averred to have been in Louisiana, and that of the plaintiff in Kentucky, but there is no averment of the citizenship of the payees of the bills, or of the citizenship of the subsequent indorsers. For aught that appears in the record, they may also be citizens of Louisiana; and, therefore, incapable of suing in the Circuit Court for that district to recover the contents of the bills. As that court has only a limited jurisdiction, it must appear affirmatively that it may take cogni-

---

* The act referred to enacts:

"Issues of fact in civil cases, in any Circuit Court . . . may be tried and determined by the court without the intervention of a jury, whenever the parties or attorneys of record file a stipulation in writing with the clerk of the court waiving a jury."

zance of the controversy between the parties.* In *Turner v. The Bank of North America*,† it was distinctly ruled that when an action upon a promissory note is brought in a Federal court by an indorser against the maker, not only the parties to the suit, but also the citizenship of the payee, and the indorser, must be averred in the record to be such as to give the court jurisdiction. The same rule was asserted in *Montalet* v. *Murray*,‡ in *Mollan* v. *Torrance*,§ and in *Gibson et al.* v. *Chew*.‖ The judgment must, therefore, be reversed, and the cause sent back that amendment may be made in the pleadings showing the citizenship of the indorser of the bills, if it be such as to give the court jurisdiction of the case.

We may notice another error which will doubtless be avoided should there be a second trial. Issues of fact appear to have been made up which were determined by the court in the absence of the defendant's counsel, and without any written agreement to waive a jury trial. This was irregular. In the absence of such an agreement, and of the defendant's counsel, it was not competent for the court to try the issue without the intervention of a jury.¶

JUDGMENT REVERSED, and the cause remanded for further proceedings,

IN ACCORDANCE WITH THIS OPINION.

---

* Turner *v.* Enrille, 4 Dallas, 7.      † Ib. 8.
‡ 4 Cranch, 46.                          § 9 Wheaton, 537.
‖ 16 Peters, 315.
¶ Kearney *v.* Case, 12 Wallace, 275.