ROLLINS *v.* CHAFFEE COUNTY.

BARNUM *v.* CUSTER COUNTY.

*(Circuit Court, D. Colorado.* March 26, 1888.)

COURTS—FEDERAL JURISDICTION—ACTIONS ON COUNTY WARRANTS.

Under act Cong. 1887, (24 St. 553,) § 1, providing that the federal courts shall not have jurisdiction of any action on any promissory note or chose in action, except on negotiable securities payable to bearer, and made by a corporation, by an assignee, or a subsequent holder, if the instrument be payable to bearer. unless such suit might have been brought in such court if no assignment or transfer had been made, the circuit court has no jurisdiction of an action by an assignee on a county warrant payable to the order of a person named therein, and passing only by indorsement, in the absence of averment that the assignor was qualified to sue in this court, but has jurisdiction of an action by the holder on one payable to bearer, such being a negotiable security made by a corporation.

At Law. On demurrer to complaint.

*Teller & Orahood,* for plaintiffs.

*G. H. Hartinstim,* for Chaffee county.

*Hugh Butler,* for Custer county.

HALLETT, J. A question of jurisdiction under the act of 1887 arises on demurrer to the complaint in each of these actions. The warrants on which plaintiffs seek to recover are in the usual form of such instruments, signed by the chairman of the board of commissioners, attested by the clerk, and directed to the treasurer of the county. In the *Chaffee County Case* they are payable to a person named therein or to his order, and in the other case they are payable to a person named or to bearer. The names of the payees are not given, nor is anything alleged as to their citizenship; and the question is whether the action can be maintained without showing that they, as well as the plaintiffs, were qualified to sue in this court. The meaning of that clause of the first section of the act of 1887, (24 St. 553,) which relates to suits by assignees of promissory notes and other choses in action, is not very clear, but it seems to be well stated in *Newgass* v. *City of New Orleans,* 33 Fed. Rep. 196. When it came from the house of representatives the clause referred to was as follows:

"Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of bills of exchange." 18 Cong. Rec. 646.

The senate amendment was probably intended to retain jurisdiction over a large class of securities made by corporations, railroad companies, and the like, which are sold in open market and negotiable by delivery. Certainly it was not intended to give jurisdiction in all actions by assignees on promissory notes and other contracts excepting those last mentioned, and that seems to be the alternative if we reject the proposed construction. Accordingly, I am constrained to follow the interpreta-

tion of the act in the *New Orleans Case* cited above, and hold jurisdiction of actions by assignees, when the assignor was not competent to sue in this court only in cases of foreign bills of exchange and negotiable securities payable to bearer, and made by a corporation. In *Jerome* v. *Commissioners*, 18 Fed. Rep. 873, county warrants payable to a person named, or bearer, were regarded as of this class of securities. That case was decided under the act of 1875, but the opinion is of equal force under the act of 1887; and it is a full answer to the remarks of counsel and the authorities cited in support of the demurrer in the *Custer County Case*, except on the point, not before raised in this court, that an action cannot be maintained on a county warrant until after such reasonable time from its date, as may be evidence of a refusal to pay on the part of the county. In support of that position a recent decision of the supreme court in *Manufacturing Co.* v. *County of Otoe*, 8 Sup. Ct. Rep. 582, is cited, from which it appears that some rule of that kind is established in Nebraska. If any such rule obtains in this state, the demurrer in the *Custer County Case* does not call for its application. Some of the warrants are of long standing, and the demurrer is directed against them as well as those of more recent date. In the *Chaffee County Case* the warrants being payable to the order of a person named therein, and passing only by indorsement, in the absence of averment that the assignors were qualified to sue in this court we are without jurisdiction, and the demurrer will be sustained and the suit dismissed at plaintiff's cost. In the *Custer County Case* the warrants being payable to bearer, and made by a corporation, appear to be within the exception of the statute. In that case the demurrer will be overruled, and the defendant will be required to answer.