## JEWETT *v.* BRADFORD SAV. BANK & TRUST CO. *et al.*

### (*Circuit Court, D. Vermont.* April 7, 1891.)

**1. FEDERAL COURTS—JURISDICTION—CHOSE IN ACTION.**
    A proceeding in equity to compel the transfer upon the books of a corporation of corporate stock which the complainant had purchased from a third person, is not a suit "to recover the contents of any promissory note or other chose in action in favor of any assignee" of which jurisdiction is excluded from the federal courts by Act Cong. 1888, § 1.

**2. SAME—CITIZENSHIP OF PARTIES.**
    The exemption from suit out of the district of inhabitancy, secured by Act Cong. 1888, § 1, is personal to a defendant, and may be waived; and where suit is brought by a citizen of Massachusetts against a Vermont corporation and a New York corporation in the circuit court of Vermont, it will not be dismissed on motion of the Vermont corporation for want of jurisdiction of the parties in the absence of objection by the New York company, especially if the suit is a proceeding to enforce an equitable claim to property in the district within the meaning of Rev. St. U. S. § 738.

In Equity.
*John R. Poor* and *C. A. Prouty,* for complainant.
*John H. Watson* and *John Young,* for defendants.

WHEELER, J. The orator is a citizen of Massachusetts, the Bradford Savings Bank & Trust Company of Vermont, and the Hanover National Bank of New York. The bill is brought to compel the savings bank to transfer on its books to the orator 94 shares of its stock, bought of the Windsor National Bank, a citizen of Vermont, of which he holds certificates and transfers, and about which the Hanover National Bank has some interest. The latter bank has appeared in the suit. The savings bank has moved to dismiss for want of jurisdiction of the parties, because the other defendant is not a citizen of Vermont; and for want of jurisdiction of the cause, because the orator's claim is that of an assignee of the stock as a chose in action. The other defendant might have objected to being sued in this district, but this defendant is sued in the district whereof it is an inhabitant, and has no ground to complain of that place. Full jurisdiction of suits, in which there is a controversy between citizens of different states, is given to the circuit courts at the beginning of section 1 of the Acts of 1887 and 1888; the exemption from suit out of the district of inhabitancy is personal to a defendant, and may be waived. *Ex parte Schollenberger,* 96 U. S. 369. Especially is this so in a suit to enforce an equitable claim to property in the district where it is brought, as this appears to be. Rev. St. U. S. § 738. Shares of stock in corporations are mere rights to dividends of the corporate profits or property, and in many, and perhaps most, senses choses in action; and if this suit was brought to recover such dividends that had accrued to a former owner of the stock, and been acquired by assignment, it could not probably be maintained. The language of the latter part of that section in this respect is:

"Nor shall any circuit or district court have cognizance of any suit except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee."

But this suit is brought to perfect the record title to the stock, and not to recover the contents of the stock in the sense of that word in these statutes. The suit is not upon the shares of stock to recover dividends which would be their contents, but is for the shares of stock to perfect the right to the dividends as they may accrue, and the right to sue for them in whatever may be the proper jurisdiction when they have accrued. *Deshler* v. *Dodge*, 16 How. 622; *Corbin* v. *County of Black Hawk*, 105 U. S. 659. The jurisdiction kept away from these courts appears to be that of enforcing choses in action in favor of assignees to recover what they will bring. The cases cited in behalf of this motion, where jurisdiction has been denied, were all brought for that purpose. *Shoecraft* v. *Bloxham*, 124 U. S. 730, 8 Sup. Ct. Rep. 686; *Corbin* v. *County of Black Hawk*, 105 U. S. 659; *Bradley* v. *Rhines*, 8 Wall. 393; *Coffee* v. *Bank*, 13 How. 183; *Mollan* v. *Torrance*, 9 Wheat. 537; *Turner* v. *Bank*, 4 Dall. 8. An action in favor of an indorsee of a promissory note against his immediate indorser accrues to him, and he can maintain it in the courts of the United States, notwithstanding this statute. Although he is an assignee of the note, he is not an assignee of this cause of action. *Mollan* v. *Torrance*, 9 Wheat. 537; *Coffee* v. *Bank*, 13 How. 183. Jurisdiction concerning choses in action which have been assigned does not appear to be prohibited unless the cause of action has been assigned, and is for the contents of the chose. That is not the case here. The refusal to transfer the stock was made to the orator, and that furnishes the ground of this bill. The contents of the stock are not here sought to be recovered. Motion denied.