# PARKER v. ORMSBY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 1658. Submitted April 27, 1891. — Decided May , 1891.

In a suit by the assignee of a promissory note payable to the order of the payee, where the jurisdiction of the Circuit Court depends upon the citizenship of the parties, it must appear affirmatively in the record that the payee could have maintained the action on the same ground.

A party cannot, by proceedings in the Circuit Court, waive a question of the jurisdiction of that court, so as to prevent its being raised and passed upon here.

THE case is stated in the opinion.

*Mr. Lionel C. Burr* for appellants.

*Mr. Walter J. Lamb* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

By an act of Congress approved February 25th, 1889, it was provided that in all cases where a final judgment or decree shall be rendered in a Circuit Court of the United States in which there shall have been a question involving the jurisdiction of that court, the party against whom the judgment or decree is rendered shall be entitled to an appeal or writ of error to the Supreme Court of the United States to review the judgment or decree without reference to its amount; but in cases where the decree or judgment does not exceed the sum of five thousand dollars, this court is not to review any question raised upon the record except such question of jurisdiction. 25 Stat. 693, c. 236.

This case comes here under that act. The question of the jurisdiction of the Circuit Court, in which this suit was brought, arises out of the following facts: C. M. Parker executed at Lincoln Nebraska, September 7th, 1886, his promissory note for $2000, payable on the 7th day of September, 1891, with semi-annual interest from date at the rate of eight per cent per annum, the interest coupons and the note being payable to Walter J. Lamb or order, at the Lancaster County Bank, in Lincoln, Nebraska. It was provided in the note that any interest coupon not paid when due should bear interest at the rate of eight per cent per annum from maturity; and if any interest remained unpaid for thirty days after it matured the holder could elect to consider the whole debt due and collectible at once; also, that in case an action was brought for the collection of the note, the maker was to pay, as attorney's fees, a sum equal to ten per cent of the amount due. The note and interest coupons were secured by a mortgage given by Parker and wife upon real estate in the city of Lincoln.

Upon the back of the note and coupons were the following endorsements: "Pay L. L. Ormsby or order. Lancaster County Bank, Lincoln, Neb. F. O. Metcalf, cashier. Pay Lancaster County Bank or order. I waive demand, notice, protest and notice of protest, and guarantee the payment of the within note. W. J. Lamb."

The whole debt having become due by reason of default in meeting the interest, this suit was brought, December 13th, 1889, by Lucinda L. Ormsby against the appellants, Charles M. Parker and Emma Parker, his wife, and Martha L. Courtney, the relief sought being a decree for the sale of the mortgaged premises to pay the amount due, and for a personal judgment against Charles M. Parker for any deficiency remaining after the sale.

The bill avers that the plaintiff is a citizen of Illinois, and that the defendants are citizens of Nebraska. It contains, however, no averment as to the citizenship of Lamb, the original payee in the note and coupons as well as the mortgagee.

A decree was rendered finding due the plaintiff the sum of $2520.80, the aggregate of the principal and interest of the note and coupons and costs, including attorney's fees. The mortgaged premises were ordered to be sold to raise that sum.

Did the court below have jurisdiction of this case? If jurisdiction did not affirmatively appear, upon the record, it was error to have rendered a decree, whether the question of jurisdiction was raised or not in the court below. In the exercise of its power, this court, of its own motion, must deny the jurisdiction of the courts of the United States, in all cases coming before it, upon writ of error or appeal, where such jurisdiction does not affirmatively appear in the record on which it is called to act. *Mansfield &c. Railway Co.* v. *Swan*, 111 U. S. 379, 382; *King Bridge Co.* v. *Otoe County*, 120 U. S. 225, 226; *Cameron* v. *Hodges*, 127 U. S. 322, 325.

The judiciary act of 1789 provided that the District and Circuit Courts of the United States should not "have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a

suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange." 1 Stat. 78, c. 20, § 11. The act of March 3, 1875, provided that no 'Circuit or District Court should " have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange." 18 Stat. 470, c. 137, § 1. The provision in the act of March 3, 1887, determining the jurisdiction of the Circuit Courts of the United States and for other purposes, as amended by that of 'August 13, 1888, is in these words: " Nor shall any Circuit or District Court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made." 25 Stat. 433, 434, c. 866, § 1.

It thus appears that the act of 1887, in respect to suits to recover the contents of promissory notes or other choses in action, differs from the act of 1789 only in the particular that the act of 1887 excludes, under certain circumstances, from the cognizance of the Circuit and District Courts of the United States suits in favor " of any subsequent holder, if such instrument be payable to bearer and be not made by any corporation." It is not necessary now to consider the meaning of the words just quoted; for the present suit is by an assignee of a promissory note payable, not to bearer, but to the order of the payee. And we have only to inquire as to the circumstances under which the court below could take cognizance of a suit of that character. That inquiry is not difficult of solution.

It was settled by many decisions, under the act of 1789, that a Circuit Court of the United States had no jurisdiction of a suit brought against the maker by the assignee of a promissory note payable to order, unless it appeared, affirmatively, that it could have been maintained in that court in the name

of the original payee. *Turner* v. *Bank of North America*, 4 Dall. 8, 11; *Montalet* v. *Murray*, 4 Cranch, 46; *Gibson* v. *Chew*, 16 Pet. 315, 316; *Coffee* v. *Planters' Bank of Tennessee*, 13 How. 183, 187; *Morgan's Executor* v. *Gay*, 19 Wall. 81, 82. There were these recognized exceptions to that general rule in its application to promissory notes: 1. That an endorsee could sue the endorser in the Circuit Court, if they were citizens of different States, whether a suit could have been brought or not by the payee against the maker; for the endorsee would not claim through an assignment, but by virtue of a new contract between himself and the endorser. *Young* v. *Bryan*, 6 Wheat. 146, 151; *Mullen* v. *Torrance*, 9 Wheat. 537, 538. 2. The holder of a negotiable instrument payable to bearer or to a named person or bearer could sue the maker in a court of the United States, without reference to the citizenship of the original payee or original holder, because his title did not come to him by assignment, but by delivery merely. *Bank of Kentucky* v. *Wister*, 2 Pet. 318, 326; *Thompson* v. *Perrine*, 106 U. S. 589, 592, and authorities there cited. There can be no claim that the present case is within either of those exceptions.

The authorities we have cited are conclusive against the right of the plaintiff to maintain this suit in the court below, unless it appeared that the original payee, Lamb, could have maintained a suit in that court upon the note and coupons. Consequently, it was necessary that the record should, as it does not, disclose his citizenship. *Metcalf* v. *Watertown*, 128 U. S. 586; *Stevens* v. *Nichols*, 130 U. S. 230; *Crehore* v. *Ohio & Mississippi Railway*, 131 U. S. 240, 243; *Rollins* v. *Chaffee County*, 34 Fed. Rep. 91. If it be true, as stated in an affidavit filed below, that Lamb was, at the commencement of the suit, a citizen of Nebraska, clearly the court below was without jurisdiction; for all the defendants are alleged to be citizens of that State.

There is another point in the case that requires notice. By an act of the legislature of Nebraska, approved February 23, 1875, it was provided: "1. Hereafter no stay of execution or order of sale upon any judgment or decree shall be granted for a longer time than nine months from and after the rendition

of such judgment or decree. 2. The order of sale on all decrees for the sale of mortgaged premises shall be stayed for the period of nine months from and after the rendition of such decree, whenever the defendant shall within twenty days after the rendition of such decree, file with the clerk of the court a written request for the same; *Provided*, That if the defendant make no such request within said twenty days, the order of sale may issue immediately after the expiration thereof." " 5. No proceedings in error or appeal shall be allowed after such stay has been taken, nor shall a stay be taken on a judgment entered as herein contemplated, against one who is surety in the stay .of execution." Laws of Nebraska, 1875, p. 49; Compiled Stats. of Neb. 1885, p. 688, § 477.

The appellee moved to dismiss the appeal upon the ground that the above statute constitutes a rule of property in Nebraska, and that, as the appellants, within twenty days after the rendition of the decree, filed with the clerk below a written request that the sale be stayed for nine months from and after the decree, he is precluded from prosecuting this appeal, without reference to any question of the jurisdiction of the Circuit Court. This motion has been met with one by the appellants that they be permitted to execute a supersedeas bond, or that. the action be dismissed for want of jurisdiction in the Circuit Court.

The motion to dismiss the appeal necessarily assumes that it was competent for the appellants by their acts, or by failing to act, to waive the question of the jurisdiction of the Circuit Court. This is an error. We said in *Metcalf* v. *Watertown*, above cited, that whether a Circuit Court of the United States had or had not jurisdiction in a case brought here, upon error or appeal, is a question that this court must examine and determine, even if the parties forbear to make it, or consent that the case be considered upon its merits.

As to the effect of the statute of Nebraska, it is only necessary to say that it cannot be permitted, by its operation, to confer jurisdiction upon a Circuit Court of the United States, in contravention of the statutes defining and limiting its jurisdiction. Such would be the result in this case if, without

determining the question of jurisdiction, the appeal be dismissed upon the ground that appellants, by accepting the provisions of the statute of Nebraska in respect to a stay of the sale, are estopped to appeal from the decree rendered against them. What would be the effect of that statute in its application to a case of which the Circuit Court of the United States, sitting in Nebraska, could properly take cognizance, we need not inquire.

*The motion to dismiss the appeal is denied, and the decree is reversed, with costs against the appellee, and remanded with instructions to dismiss the bill for want of jurisdiction in the court below, unless the plaintiff, by leave of the court below, and within such time as it may prescribe, amends her bill so as to present a case within its jurisdiction.*