# IRENE CUEBAS Y ARREDONDO
### v.
# FELIPE CUEBAS Y ARREDONDO ET AL.

---

Mayaguez, Equity, No. 144.

1. In case of a doubt as to its jurisdiction, no Federal question being involved, the court, in an equity case, even after answer filed, may order that all proceedings be set aside and a plea to the jurisdiction filed and submitted.

Cuebas y Arredondo v. Cuebas y Arredondo.

2. The court will, at any time, take notice of its lack of jurisdiction, whether counsel call its attention to the point or do not do so.

Opinion filed June 1, 1907.

_Messrs. Horton & Cornwell,_ solicitors for complainant.

_Mr. T. D. Mott, Jr.,_ solicitor for defendant bank.

RODEY, Judge, delivered the following opinion:

This is a bill in equity, filed in the Mayaguez district, on March 22, 1904. It is for the foreclosure of a mortgage said to have been kept alive from some time in 1875, in Spanish days, when it was given on a tract of land or estate called "Carmelita," containing 410 cuerdas, situated in the barrio of Bajura, municipality of Cabo Rojo in Porto Rico. It ought to be a simple proceeding and should have gone to final decree within the ordinary period provided for under the rules, but such seems not to have been done. Instead, a large amount of what we hope counsel will pardon us for characterizing as useless pleading has been indulged in, and the cause stands to-day no nearer a finality than it was immediately after service was had three years ago.

To particularize, it appears, as stated, that the cause was filed March 22, 1904. May 2d thereafter H. F. Hord and Juan Guzman Benitez entered their appearance for respondents. June 4th respondent Banco Territorial y Agrícola pleaded to the jurisdiction, and although that was answer day, yet no other answers, pleas, or demurrers were filed by any respondent. July 11th the complainant took the bill as confessed against all re-

Cuebas y Arredondo v. Cuebas y Arredondo.

spondents, two of them not having answered at all, and the plea
of respondent Banco Territorial y Agrícola not being properly
signed under the equity rules. November 29, 1904, a stipu-
lation was filed that the bill be amended by striking out the desig-
nation of citizenship of the respondent corporation, and that
the decree *pro confesso* be set aside and respondent Banco Terri-
torial y Agrícola be allowed properly to sign its plea, "which
should be withdrawn," and it was given thirty days within which
to answer. March 3, 1905, the answer of the bank was filed.
March 29th thereafter the bank, by its counsel, Messrs. Hord
and Benitez, filed a demurrer to a petition for an injunction that
it appears had been filed in the meantime. April 3, 1905,
exceptions to the answer of the bank were filed. April 14, 1905,
the demurrer to the application for an injunction was sustained,
and the application denied. April 24, 1905, exceptions to the
answer were set down for hearing. May 20, 1905, H. F. Hord
withdrew as solicitor for the respondent bank. May 27, 1905,
a motion of the bank for leave to amend its answer was filed.
June 2, 1905, the first three exceptions to the said answer were
overruled and the remaining ten sustained by the court. June
9, 1905, the cause was set down for hearing on bill and answer.
On June 15th of the same year the bank, by Messrs. Benitez and
Coll y Cuchi, the latter being new counsel, filed a petition for
a rehearing on the court's ruling as to the exceptions. June 19,
1905, the respondent bank was given a month to file a brief in
support of its petition for a rehearing. December 11, 1905,
a brief having been filed on the subject by opposing counsel in
the meantime, the court denied the petition for a rehearing as
to the matter of the exceptions. On March 5, 1906, the re-
spondent bank tendered an amended answer and moved for
leave to file the same. September 24, 1906, the respondent bank

Cuebas y Arredondo v. Cuebas y Arredondo.

again, this time by new counsel, T. D. Mott, Jr., filed a motion for leave to withdraw its answer, and for permission to file a plea to the jurisdiction similar to the first plea filed in the case. October 1, 1906, the plea was allowed to be filed under objection by solicitors for complainant. January 18, 1907, complainant dismissed as to Francisco Antongiorgi, on the ground that he was a nominal and unnecessary party, and had no real interest in the case, and finally, in February, 1907, the court, being unable to determine from the conflicting contentions of counsel the exact condition of the matter in the short time at its disposal when holding court at Mayaguez, took the whole matter under advisement for examination as to the status of the pleadings. Counsel then each filed briefs in the premises and in this manner the matter is now before us.

We have examined the record paper by paper and read the same with a view to ascertaining what the condition is.

As the suit was originally filed, on the face of the bill this court certainly had no jurisdiction to entertain it, because the complainant was alleged to be a Porto Rican, and the respondent Antongiogi was also alleged to be a citizen of Porto Rico. This latter fact is, perhaps, the reason why counsel for complainants, after the holding of this court in the now somewhat well known Vallecillo y Mandry v. Bertran Case [2 Porto Rico Fed. Rep. 46], dismissed as to the respondent Antongiorgi, because he was an unnecessary party. But notwithstanding this, we see from the files that the first plea to the jurisdiction, which was filed on June 4, 1904, and is sworn to, sets out that the respondent the Banco Territorial y Agrícola is a corporation organized and doing business under the laws of Porto Rico, and was and is a citizen of the same, and resident of the said island, and that, be-

Cuebas y Arredondo v. Cuebas y Arredondo.

cause no Federal question is involved, the court was without jurisdiction to entertain the cause.

At some stage of these procedings we will have to render a final decree that will be expected to bind someone and fix property rights, and when the court is asked to do that, it ought to know that it has jurisdiction. We are not satisfied that jurisdiction in fact exists. Therefore we feel constrained to disagree with both counsel and the arguments made in their briefs herein, and to order, which we now do, that all proceedings heretofore taken in this cause necessary for that purpose be set aside and held for naught, and the cause stand on the bill as originally filed, but dismissed as to Antongiogi, on the issue raised by the first plea filed as aforesaid, which will be considered as refiled after proper verification, and standing for that purpose, on which plea complainant must at once join issue; and thereafter, if it shall be determined that the court has jurisdiction, it will call for a new, concise, and proper answer in the premises, and for immediate issue thereon without any more dilatory pleading, to the end that the whole matter may be disposed of. It would not become us again to assert our annoyance at so much useless and dilatory pleading, although it is manifest that counsel in this case have indulged in an abundance of it.

The Supreme Court of the United States has repeatedly held that it is the duty of a court of the United States, whether the question is raised by counsel or not, to take cognizance of the lack of its own jurisdiction at any time, and refuse to proceed in a cause where it has no power in the premises. Mansfield C. & L. M. R. Co. v. Swan, 111 U. S. 379, 28 L. ed. 462, 4 Sup. Ct. Rep. 510; Parker v. Ormsby, 141 U. S. 81, 35 L. ed. 654, 11 Sup. Ct. Rep. 912; Minnesota v. Northern Securities

Co. 194 U. S. 48, 48 L. ed. 870, 24 Sup. Ct. Rep. 598; Perez v. Fernandez, 202 U. S. 100, 50 L. ed. 949, 26 Sup. Ct. Rep. 561, and cases cited. The Northern Securities Company Case in particular supports at length the proposition we are here contending for, and lays down the law so emphatically in that regard that, so long as the law remains as it is, no subordinate United States court will, we think, have the temerity to disobey its mandate. A proper order to comply with these views will be entered and notice thereof given to the respective counsel.