### NEW ENGLAND NAT. BANK OF KANSAS CITY v. CALHOUN.

(Circuit Court of Appeals, Eighth Circuit. November 9, 1925.)

No. 7020.

**I. Courts ⊜⇒314—National bank is citizen of state in which it is located.**

Under Judicial Code, § 24 (16), being Comp. St. § 991 (16), national bank is deemed citizen of state in which it is located, as respects jurisdiction of federal courts.

**2. Courts ⊜⇒312(5)—District Court held without jurisdiction of assignee's suit to foreclose chattel mortgage against citizens of New Mexico, where mortgagee and intervener were citizens of New Mexico.**

Under Judicial Code, § 24 (1), (16), being Comp. St. § 991. (1), (16), District Court was without jurisdiction of suit against citizens of New Mexico to foreclose chattel mortgage, assigned to citizen of Missouri, by mortgagee, who was citizen of New Mexico, and of ancillary suit by intervener, also citizen of New Mexico.

**3. Courts ⊜⇒405(2)—Circuit Court of Appeals will declare federal court's lack of jurisdiction on its own motion.**

Where no objection that District Court did not have jurisdiction of suit to foreclose chattel mortgage, under Judicial Code, § 24(1), being Comp. St. § 991(1) was made in District Court or on appeal, Circuit Court of Appeals will so declare on its own motion.

Appeal from the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Suit by the New England National Bank of Kansas City against H. O. Riggs and others, wherein F. A. Calhoun intervened and filed cross-complaint. Decree for intervener, and plaintiff appeals. Reversed and remanded, with directions.

O. N. Marron and Francis E. Wood, both of Albuquerque, N. M., for appellant.

Merritt C. Mechem and F. W. Vellacott, both of Albuquerque, N. M., for appellee.

Before LEWIS and KENYON, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This is an appeal from a decree of foreclosure of a mortgage. The suit was begun by a bill filed by the New England National Bank of Kansas City. It alleged that H. O. Riggs executed and delivered to the Magdalena Live Stock Loan Association a promissory note, whereby H. O. Riggs promised to pay to the order of the Magdalena Live Stock Loan Association $10,000 six months after the date of the note, with interest; that H. O. Riggs executed and delivered to the Magdalena Live Stock Loan Association a chattel mortgage upon certain cattle and horses to secure the payment of this note. It also alleged that prior to the maturity of the note the plaintiff purchased the note for value, and that the Magdalena Live Stock Loan Association had indorsed the note, and that the plaintiff was the owner and holder of the note for value. H. O. Riggs was made a party defendant and William R. Morley was also made another party defendant, the plaintiff alleging that a large number of the cattle had been turned over to him and were in his possession. The prayer was for a foreclosure and sale of the stock to satisfy the indebtedness and for a judgment for the amount of any deficiency.

As to the citizenship of the parties, the plaintiff alleged that it was a bank created under the laws of the United States having its office and principal place of business at Kansas City, that it was a citizen of Missouri and a resident of Kansas City, that H. O. Riggs and William R. Morley were residents of New Mexico, and that the Magdalena Live Stock Loan Association was a corporation organized and existing under the laws of New Mexico. F. A. Calhoun filed a petition in intervention, and later filed an answer to the plaintiff's bill, and a cross-complaint wherein he challenged the priority of lien claimed by the plaintiff, and alleged that prior to the date of the plaintiff's mortgage George O. Owsley had owned a large number of the cattle and had executed and delivered to the First National Bank of Magdalena, N. M., a chattel mortgage on the cattle, at a date prior to the date of the plaintiff's mortgage, to secure the payment of a promissory note executed by Eula M. Owsley to George O. Owsley, and indorsed by George O. Owsley. It was alleged that this note was transferred to the intervener, F. A. Calhoun, and that he was the owner thereof. The prayer of the cross-complaint was also for a foreclosure and sale under this mortgage. An answer was filed by the plaintiff to the cross-complaint of F. A. Calhoun. A decree was rendered, finding that the lien of the mortgage of F. A. Calhoun was su-

perior to the lien asserted by the plaintiff, appointing a receiver, and directing him to advertise and sell the cattle and to deposit the proceeds with the clerk of the court, to be paid by the clerk to the parties as their interests might appear. The plaintiff has prosecuted the appeal from this decree, alleging that under the pleadings and the evidence the court erred in decreeing a lien to F. A. Calhoun superior to the plaintiff's lien.

[1] Section 24(1) of the Judicial Code (section 991 [1], Comp. Stats.) provides that "no District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made." A restriction of jurisdiction over suits by assignees of choses in action has existed since the Judiciary Act was passed in 1789 by the first Congress (1 Stat. 79). The plaintiff, as a national banking association, is deemed a citizen of the state of Missouri, in which it is located. Section 24 (16) of the Judicial Code; section 991 (16), Comp. Stats.

[2] The allegations of citizenship made by the plaintiff and admitted by the answer of F. A. Calhoun show that the original payee of the note given by H. O. Riggs was the Magdalena Live Stock Loan Association, a corporation organized under the laws of New Mexico, and that H. O. Riggs and William R. Morley were citizens of New Mexico. It also shows that it is the assignee of the promissory note and of the mortgage upon which the suit is brought. The bill of the intervener F. A. Calhoun must be taken to be in subordination to the propriety of the main proceeding. Equity rule No. 37. (In his bill he alleges that he is a citizen of New Mexico and that H. O. Riggs and William R. Morley are also citizens of New Mexico.) By a long line of decisions, beginning with Turner v. Bank, 4 Dall. 8, 11, 1 L. Ed. 718, and Montalet v. Murray, 4 Cranch, 46, 2 L. Ed. 545, the Supreme Court of the United States has declared that under these statutes the assignee of a chose in action in the classes named cannot maintain a suit thereon in the United States courts, if the assignor named in the statute could not have maintained such a suit.

In the case of Parker v. Ormsby, 141 U. S. 81, 11 S. Ct. 912, 35 L. Ed. 654, the facts were that C. M. Parker executed at Lincoln,

Neb., a promissory note payable to Walter J. Lamb, or order at Lincoln, Neb. The note was secured by a mortgage given by Parker and wife on real estate in the city of Lincoln. The note was indorsed to the Lancaster County (Nebraska) Bank, or order, by Lamb, and by the Lancaster County Bank to the order of L. L. Ormsby, the plaintiff. The plaintiff began a suit in the United States court for Nebraska against Parker and his wife, asking a foreclosure and sale of the mortgaged premises, and alleged that he was a citizen of Illinois, and that the defendants were citizens of Nebraska, but failed to allege anything as to the citizenship of Lamb. A decree was entered as prayed by the plaintiff and an appeal was taken to the Supreme Court of the United States. In the decision it was said:

"It was settled by many decisions, under the act of 1789, that a Circuit Court of the United States had no jurisdiction of a suit brought against the maker by the assignee of a promissory note payable to order, unless it appeared, affirmatively, that it could have been maintained in that court in the name of the original payee. Turner v. Bank of North America, 4 Dall. 8, 11 [1 L. Ed. 718]; Montalet v. Murray, 4 Cranch, 46 [2 L. Ed. 545]; Gibson v. Chew, 16 Pet. 315, 316 [10 L. Ed. 977]; Coffee v. Planters' Bank of Tennessee, 13 How. 183, 187 [14 L. Ed. 105]; Morgan's Executor v. Gay, 19 Wall. 81, 82 [22 L. Ed. 100]. There were these recognized exceptions to that general rule in its application to promissory notes: (1) That an indorsee could sue the indorser in the Circuit Court, if they were citizens of different states, whether a suit could have been brought or not by the payee against the maker; for the indorsee would not claim through an assignment, but by virtue of a new contract between himself and the indorser. Young v. Bryan, 6 Wheat. 146, 151 [5 L. Ed. 228]; Mullen v. Torrance, 9 Wheat. 537, 538 [6 L. Ed. 154]. (2) The holder, of a negotiable instrument payable to bearer or to a named person or bearer could sue the maker in a court of the United States, without reference to the citizenship of the original payee or original holder, because his title did not come to him by assignment, but by delivery merely. Bank of Kentucky v. Wister, 2 Pet. 318, 326 [7 L. Ed. 437]; Thompson v. Perrine, 106 U. S. 589, 592 [1 S. Ct. 564, 568, 27 L. Ed. 298], and authorities there cited. There can be no claim that the present case is within either of those exceptions.

"The authorities we have cited are conclusive against the right of the plaintiff to maintain this suit in the court below, unless it

appeared that the original payee, Lamb, could have maintained a suit in that court upon the note and coupons. Consequently, it was necessary that the record should, as it does not, disclose his citizenship. Metcalf v. Watertown, 128 U. S. 586 [9 S. Ct. 173, 32 L. Ed. 543]; Stevens v. Nichols, 130 U. S. 230 [9 S. Ct. 518, 32 L. Ed. 914]; Crehore v. Ohio & Mississippi Railway, 131 U. S. 240, 243 [9 S. Ct. 692, 33 L. Ed. 144]; Rollins v. Chaffee County [C. C.] 34 F. 91. If it be true, as stated in an affidavit filed below, that Lamb was, at the commencement of the suit, a citizen of Nebraska, clearly the court below was without jurisdiction; for all the defendants are alleged to be citizens of that state."

The same principle was stated and enforced in Kolze v. Hoadley, 200 U. S. 76, 77, 26 S. Ct. 220, 50 L. Ed. 377; King Bridge Co. v. Otoe County, 120 U. S. 225, 226, 7 S. Ct. 552 (30 L. Ed. 623); Metcalf v. Watertown, 128 U. S. 586, 587, 588, 9 S. Ct. 173, 32 L. Ed. 543; Brock v. Northwestern Fuel Co., 130 U. S. 341, 342, 9 S. Ct. 552, 32 L. Ed. 905; Jones v. Shapera, 57 F. 457, 462, 6 C. C. A. 423; Bison State Bank v. Billington, 209 F. 610, 126 C. C. A. 432.

[3] Objection to jurisdiction of the District Court to entertain the plaintiff's suit does not appear to have been made in that court, nor is it presented upon the hearing of this appeal; but, as said in Parker v. Ormsby, supra: "The motion to dismiss the appeal necessarily assumes that it was competent for the appellants by their acts, or by failing to act, to waive the question of the jurisdiction of the Circuit Court. This is an error. We said in Metcalf v. Watertown, above cited, that whether a Circuit Court of the United States had or had not jurisdiction in a case brought here, upon error or appeal, is a question that this court must examine and determine, even if the parties forbear to make it, or consent that the case be considered upon its merits."

In King Bridge Co. v. Otoe County, supra, it was also said: "That the point as to jurisdiction was not made here by either party is immaterial, because, as said in Mansfield, etc., Railway Co. v. Swan, 111 U. S. 379, 382 [4 S. Ct. 510, 511 (28 L. Ed. 462)], 'the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of

its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes.'"

Again, in Thomas v. Board of Trustees, 195 U. S. 207, 211, 25 S. Ct. 24, 25 (49 L. Ed. 160), the court said: "It is equally well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived. Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379 [4 S. Ct. 510, 28 L. Ed. 462]; Martin v. Baltimore & Ohio R. R. Co., 151 U. S. 673, 689 [14 S. Ct. 533, 38 L. Ed. 311]; Powers v. Chesapeake & Ohio Ry., 169 U. S. 92, 98 [18 S. Ct. 264, 42 L. Ed. 673]. As late as in Minnesota v. Northern Securities Co., 194 U. S. 48, 62, 63 [24 S. Ct. 598, 601 (48 L. Ed. 870)] we said, both parties insisting upon the jurisdiction of the Circuit Court: 'Consent of the parties can never confer jurisdiction upon a federal court. If the record does not affirmatively show jurisdiction in the Circuit Court, we must, upon our own motion, so declare and make such order as will prevent that court from exercising an authority not conferred upon it by statute.'"

See, also, St. Louis Smelting & Refining Co. v. Nix (C. C. A.) 272 F. 977, 978.

It follows from what has been said that the court below was without jurisdiction to entertain the suit against citizens of New Mexico upon a chose in action assigned to plaintiff by the original payee of the chose in action, who was also a citizen of New Mexico, and, jurisdiction over the principal suit failing, the court had no jurisdiction over the ancillary suit, which was also between citizens of the same state.

The decree will be reversed, and the case remanded to the District Court, with directions to allow plaintiff to amend within such time as the court shall think proper, and if so advised, so as to show diversity of citizenship of the parties, and upon failure to do so to dismiss the suit for want of jurisdiction.