Parker C. J.
delivered the opinion of the Court. The state of facts on which the verdict was rendered, although presenting an exceedingly meritorious ground of action, gives rise to the question, whether By the statute of limitations the plaintiff’s remedy is not defeated.
We consider it as proved, that by means of a combina tion between the defendant and the testator’s wife, he being old and infirm in body and mind, divers notes of hand and money to a large amount of his estate, were obtained from him by the defendant, for which he received no consideration, but that his wife received therefor from the defendant a deed of certain real estate in her own right; so that the amount of money and notes was in fact abstracted from the estate of the testator, and his creditors or heirs to that amount injured.
The delivery of the money and the notes by the wife of the testator is stated to have taken place more than six years before the commencement of this suit, but payment of some of the notes was demanded and received by the defendant within that period ; and the verdict has been returned only for so much as was thus recently received. But the statute is pleaded to the whole demand, and it is insisted, in support of the plea, that as the present action is grounded upon the original fraudulent transaction, the right of action is lost even for that portion which has been collected -within a time against which the statute could not run.
The stress of the argument is, that because an action ol trover might have been brought immediately upon the receipt of the notes and money by the defendant, and as more than six years elapsed after that right of action accrued before the present suit therefor, nothing can now be recovered. We think it sufficiently appears by the authorities cited by the defendant’s counsel, that on proof of the fraudu *197 ent conspiracy between the testator’s wife and the defendant, an action of trover might have been sustained, without any other evidence of conversion, but we do not think it follows necessarily that the present action is barred. There are cases where an injured party may have his election of remedies, as where there has been a tortious taking of his property, he may bring trespass or trover, or he may waive both and bring assumpsit for the proceeds when it shall have been converted into money. And if he chooses the latter mode of redress, the tortfeasor cannot, • we think, allege his own wrong, for the purpose of carrying back the injury to a time which will let in the statute of limitations. The present case is of a similar character. The testator made no claim during his life, being ignorant, as may be supposed from his age and infirmity, of the fraud which had been practised upon him. The executor, to maintain his action, had only to prove that the defendant had received the amount of certain notes which were made payable to the testator and* had never been transferred by indorsement to the defendant. The executor had a right to consider the defendant as the agent and trustee of the testator, and to compel him by action tó pay over the money to him. If the defendant should have alleged in his defence, that the notes were delivered to him in consideration of real estate, which he had conveyed to the testator’s wife, he might have been rebutted by the executor, on showing the fraudulent combination which produced this conveyance; and it could not have been replied, that the fraud took place more than six years before the commencement of the suit; for the action is not brought to recover damages for the fraud, but for restoration only of money actually belonging to the testator, arising from debts due to him of which he had never been legally devested.
It is true that, by the report, it appears that the plaintiff produced evidence of the fraud, in support of his declaration, but this was wholly unnecessary, for he had only to prove that the defendant had received payment of the testator’s notes ; but the production of this evidence cannot prejudice the plaintiff’s action. It places the defendant on no better
*198 ground than if he had offered the same facts in evidence on his defence ; and we have seen that had he done so, it could not have availed him. Upon this ground we think the verdict may be sustained.
It has been urged, that if parties are allowed so to change the form of their action, as to avoid the operation of the statute of limitations, the inconveniences will ensue which the statute was intended to remove ; and it may be so to some extent; but if the difficulty occur only in shutting out a defence founded in fraud, there will be no cause of regret. The same inconvenience may happen under more meritorious circumstances. If property is committed to a friend, he is not liable to an action for- it until there is a demand,[1] and the demand may be postponed to an inconvenient time; and yet within six years after a demand, although that may have been twenty years or more after the bailment, the action will be sustained. If an injured party has a right to either of two actions, the one he chooses is not barred, because the other, if he had brought it, might have been.

Judgment according to verdict.

 See Story on Bailments, 82 • Nelson v. Merriam, 4 Pick. 249.