### THOMAS KIRKMAN, JUNIOR, PLAINTIFF v. JOHN W. HAMILTON AND OTHERS, DEFENDANTS.

The statute of limitations of North Carolina, passed in 1715, in force in Tennessee, bars the particular actions which it recites, and no others. It does not bar actions of debt generally, but those only which are brought for arrearages of rent.

In an action of debt on a promissory note, instituted in the circuit court of Tennessee, the defendant pleaded the statute of limitations of North Carolina of 1715, in force in Tennessee. Held, that the statute did not extend to the action, and that the plaintiff was not barred.

By the acts of the legislature of North Carolina, in force in Tennessee, the indorser of a promissory note is entitled to sue in his own name, as on inland bills of exchange in England; and he may therefore bring an action of debt on a promissory note held by him.

The case of Raburg et al. v. Peyton, 2 Wheaton, 385, cited and confirmed.

H. and D., citizens of Tennessee, gave their promissory note to T. R. & Co., also citizens of Tennessee, payable in fifteen months. Before the note became due, T. R. & Co. removed to and became citizens of Alabama, and also before the day appointed for the payment of the note, indorsed it to K. a citizen of Alabama; and in the declaration on the note, the plaintiff averred that T. R. & Co. were citizens of Alabama. Held, that the circuit court of Tennessee had jurisdiction of the suit, under the eleventh section of the act of 1789. The payees of the note having, before the note became due, become citizens of Alabama, could have prosecuted a suit on the note in the circuit court of Tennessee if no assignment had been made.

THIS case came before the court on a certificate of division in opinion of the judges of the circuit court of the United States for the district of West Tennessee.

In the circuit court of the United States for the district of West Tennessee, Thomas Kirkman, Junior, a citizen of Alabama, instituted, in April 1823, an action of debt, against John W. Hamilton and Thomas Donoho, citizens of Tennessee, upon a promissory note drawn by the defendants under the firm of Hamilton and Donoho in West Tennessee, on the 22d of September 1818, for the sum of three thousand dollars, payable fifteen months after date to Thomas Ramsey and Company or order, and Thomas Ramsey and Company having become citizens of Alabama, and the note being unpaid, indorsed the same to the plaintiff, Thomas Kirkman, Junior.

To this declaration, the defendants pleaded: First, the statute of limitations of Tennessee, alleging that the cause of action

[Kirkman v. Hamilton and others.]

did not accrue within three years. Second, that at the time the note was given they were citizens and inhabitants of Smith county in the state of Tennessee, of which state the plaintiff was then a citizen, and in which state the note was given.

To the plea of the statute of limitations, and to the second plea, the plaintiff demurred, and assigned as causes of demurrer, 1. That the plea does not state that this is an action of debt for arrearages of rent. 2. The declaration is not in debt for arrearages of rent. 3. The cause of action sued upon is not arrearages of rent. 4. The second plea is uncertain, unsound, and insufficient.

Upon the argument of the demurrer in this cause, as applicable to the plea of the statute of limitations to the second count in the plaintiff's declaration, the court were divided in opinion upon the following questions: Whether the plea of the statute of limitations is a bar to the recovery of the plaintiff on the second count in the declaration; and whether an action of debt can be supported on the cause of action set forth in said second count: whether the averment of the citizenship of Thomas Ramsey & Co., the payers of the note in the said second count, is sufficient to sustain the jurisdiction of this court under the provisions of the eleventh section of the judiciary act of 1789. Which certificate of division of opinion was ordered to be certified to the Supreme Court of the United States, according to law.

The case was argued by Mr Webster for the plaintiff. No counsel appeared on the part of the defendant. Mr Webster also presented to the court a written argument from Thomas Washington, the counsel for the plaintiff in the circuit court.

It was contended, that the plea of the statute of limitations of Tennessee does not apply to the *action of debt* at all, unless to debt for arrearages of rent, which is not the nature of this action. Act of 1715 of North Carolina, chapter 27, section 5, Scott's Revisal, 15. This act applies exclusively to the *form* of the action. Besides; acts of limitation bar the remedy and not the right.

The act of 1715, chapter 31, section 7, does not apply, even if, by that act, the act of James is in force in Tennessee; because six years had not elapsed before the bringing

[Kirkman v. Hamilton and others.]

of this suit. It has not yet been decided by the Supreme Court of Tennessee whether the act of James is in force in Tennessee or not; but the question is depending at this time.

The defendants, in support of that plea, rely upon the act of 1786, chapter 4, section 5. In answer to that, the plaintiff says, that by the act of 1786, the limitation is only to apply in the same manner, in a suit founded upon an indorsed note *under seal*, as it would apply in a suit upon a *promissory note* indorsed; and that the action against the *maker* of the former, *would* be debt, and that against the *maker* of the latter, *might* be debt. Raburg v. Peyton, 2 Wheat. 385. So that the limitation intended by the act of 1786 never could apply, unless in a suit against an indorser of a sealed note. See act of 1762, chapter 9, section 2; see also act of 1789, chapter 57, section 3. There has been no decision of the Supreme Court upon the applicability of the act of 1786, to an action of debt against the maker of a sealed note, nor is the question depending.

As to the averment of the citizenship of the original parties to the note, it was contended, that the payees of the note, Thomas Ramsey and Co., although citizens of Tennessee when the note was made, yet if they had become citizens of Alabama, and had not assigned it, they could have maintained a suit in their own names in the federal court; and that, consequently, if they had the right, they could communicate it; or, at least, that their assignees would not be precluded by any disability of their assignors.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This case comes up from the court of the United States for the seventh circuit, and district of West Tennessee, on a certificate that the judges of that court were divided in opinion on the following questions. 1. Whether the plea of the statute of limitations is a bar to the recovery of the plaintiff, on the second count in the declaration? 2. Whether an action o. debt can be supported on the cause of action set forth in said second count? 3. Whether the averment of the citizenship of Thomas Ramsey & Co., the payees of the note in the said second count, is sufficient to sustain the jurisdiction of this

[Kirkman v. Hamilton and others.]

court, under the provisions of the eleventh section of the judiciary act of 1789?

The second count is a declaration in debt on a promissory note executed by the defendants, made payable to Thomas Ramsey & Co., then citizens of Tennessee, and indorsed by them, after becoming citizens of Alabama, to the plaintiff, a citizen of Alabama, who instituted the suit as assignee of the said note.

The first question depends on an act of the state of North Carolina, passed in the year 1715, and was the law of Tennessee; the eighth section of which enacts "that all actions of trespass, detinue, actions sur trover and replevin for taking away of goods and chattels, all actions of account, and upon the case, all actions of debt for arrearages of rent, and all actions of assault, menace, battery, wounding and imprisonment, or any of them, which shall be sued or brought at any time after the ratification of this act, shall be brought within the time and limitation in this act expressed, and not after; that is to say, actions of account render, actions upon the case, actions of debt for arrearages of rent, actions of detinue, replevin and trespass, *quare clausum fregit*, within three years next after the ratification of this act, or within three years next after the cause of such action or suit, and not after."

This statute bars the particular actions it recites, and no others. It does not bar actions of debt generally, but those only which are brought for arrearages of rent. This is not brought for arrearages of rent; and is consequently not barred.

The action of debt, unless it be brought for arrearages of rent, not being within this statute, the court perceives no other which bars it. If the seventh section of the thirty-first chapter of the act of 1715 was even to be considered as adopting the act of limitations of the fourth of James I., it would not affect this case, because the suit was brought within the time allowed by that act.

The act of 1786, chapter 4, was intended to make all bills, bonds, &c. negotiable, though under seal, and to enable the assignee to sue in his own name, and to bring an action on the case, notwithstanding the seal. The proviso of the fifth section, that "the act of limitations shall apply to all bonds, bills, and other securities hereafter executed, made transferable by this

act, after the assignment or indorsement thereof, in the same manner as it operates by law against promissory notes," cannot, we think, be fairly construed to extend the act of limitations in its operation on promissory notes.

We are therefore of opinion that the plea of the statute of limitations is not a bar to the recovery of the plaintiff, on the second count in his declaration.

The second question propounded is, whether an action of debt can be supported on the cause of action set forth in the second count?

The cause of action is a promissory note made by the defendants, and indorsed by the payees to the plaintiff.

In 1762 the legislature of North Carolina passed an act, chapter 9, "for the more easy recovery of money due upon promissory notes, and to render such notes negotiable." The second section declares that all such notes, payable to order, " may be assignable over in like manner as inland bills of exchange are by custom of merchants in England," and that the person or persons "to whom such money is, or shall be payable, may maintain an action for the same, as they might upon such bill of exchange," and the person or persons "to whom such note so payable to order is assigned or indorsed, may maintain an action against the person or persons," &c. "who signed or shall sign such notes, or any who shall have indorsed the same, as in cases of inland bills of exchange." The note claimed in the second count of the declaration is payable to order.

In 1786 the legislature passed "an act to make the securities therein named negotiable," by which notes not expressed to be payable to order are placed on the same footing with those which are made so payable. The indorsee being thus entitled to sue in his own name, in like manner as on inland bills of exchange in England, the inquiry is, whether the indorsee of an inland bill of exchange may maintain an action of debt thereon in England.

This question was fully considered by this court in the case of Raburg et al. v. Peyton, reported in 2 Wheat. 385, which was an action of debt brought by the indorsee of a bill of exchange against the acceptor. The cases were reviewed in the opinion then given, and the court decided clearly, that both on principle and authority the action was maintainable.

We therefore think that an action of debt can be supported on the cause of action set forth in the second count.

The third question asks, " whether the averment of the citizenship of Thomas Ramsey & Co., the payees of the notes in the said second count, is sufficient to sustain the jurisdiction of this court under the provisions of the eleventh section of the judiciary act of 1789?

That section gives jurisdiction to the circuit courts of the United States, where " the suit is between a citizen of the state where the suit is brought, and a citizen of another state." This suit is brought in the circuit court for the state of Tennessee, by a citizen of Alabama, against a citizen of Tennessee. It comes, therefore, within the very words of the section, and is within the jurisdiction of the court, unless taken out of it by the exception. The words of the exception, so far as they apply to the case, are, " nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note or other chose in action in favour of an assignee, unless a suit might have been prosecuted in such suit to recover the said contents if no assignment had been made. "

When this note was assigned, the payees, as is averred in the second count, had become citizens of Alabama, and might, consequently, have prosecuted a suit to recover the contents of the said note in the circuit court of the United States for Tennessee, if no assignment had been made. The averment of the citizenship of Thomas Ramsey & Co. in the said second count, is therefore sufficient to sustain the jurisdiction of that court, under the provisions of the eleventh section of the judiciary act of 1789.

All which was ordered to be certified to the circuit court of the United States for the seventh circuit, and district of West Tennessee.