## Case No. 13,866.

### THAXTER v. HATCH et al.

[6 McLean, 68.] [1]

Circuit Court, D. Illinois. Oct. Term, 1853.

COURTS—FEDERAL JURISDICTION—CITIZENSHIP.

1. Where a mortgage was executed in Massachusetts to secure the payment of promissory notes also made there, for land in Illinois, and the payer of the note, then a citizen of Massachusetts, assigned them to the plaintiff, and continued to reside in that state till after cause of action had accrued on the notes, but before suit brought, the payer moved to Illinois, and at the time of the commencement of the suit was a citizen of Illinois, *held* that the case was within the eleventh section of the judiciary act of 1789 [1 Stat. 78], and that the court had no jurisdiction.

2. When the courts of the United States once acquire jurisdiction, by virtue of the citizenship of the parties, it cannot be ousted by a change of residence; but this applies only where jurisdiction has vested by a suit.

[Cited in Chamberlain v. Eckert, Case No. 2,577.]

3. The limitation in the eleventh section of the judiciary act is confined to the time when the suit is commenced.

[Cited in Jones v. Shapera, 6 C. C. A. 423, 57 Fed. 461.]

[This was a bill in equity to foreclose a mortgage by Adam W. Thaxter against Reuben Hatch and others.

[A bill had previously been filed by Hatch against Preston, praying for an injunction, etc. A motion to dismiss the cause for want of jurisdiction, and to remand it to the court from whence it came, was overruled. Case No. 6,208.]

Grimshaw & Williams, for plaintiff.
Hay & Browning, for defendants.

DRUMMOND, District Judge. This is a bill to foreclose a mortgage given by Reuben Hatch and James Wilson on some land in Pike county, to John Preston. The mortgage was executed to secure some promissory notes, part of the purchase money of the land. They were made payable to Preston, who assigned them to the plaintiff. At the time of the assignment, both Preston and the plaintiff were citizens of Massachusetts. When the suit was brought, Preston had ceased to reside in Massachusetts. and had become a citizen of Illinois. The mortgage itself had never in form been assigned by Preston to the plaintiff, and the only right of the plaintiff was founded on the fact that the note had been duly endorsed to him. It is objected, that under this state of facts the court has no jurisdiction of the case.

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

In the eleventh section of the judicial act of 1789, there is the following clause: "Nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note, or other clause in action in favor of an assignee, unless a suit might have been presented in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange." Whatever doubts may have heretofore existed on the subject, the case of Sheldon v. Sill, 8 How. [49 U. S.] 441, decides that the kind of contract upon which this action is brought, is a chose in action or promissory note, within the meaning of this act of congress. But was a case of bond, secured by mortgage. This is a case of promissory notes secured by mortgage. The plaintiff is therefore an assignee of a chose in action, and the only question is whether within the meaning of the act a suit might have been prosecuted if no assignment had been made. In the case referred to, the citizenship of the parties remained the same; the contract was made in the state where the suit was brought, and between citizens of that state. Here, the contract was made in Massachusetts, and Preston, when he assigned the notes, was a citizen of that state; and it is insisted that inasmuch as a suit could at one time have been brought by Preston, he could not by his own act deprive the plaintiff of the right to sue in the courts of the United States, that right existing at the time of the assignment. The question is, what is the limitation of the restriction? Is it general, or is it confined to the time of the commencement of the suit? It is true that at one time a suit might have been prosecuted if no assignment had been made; but before any suit was brought, the assignor became a citizen of Illinois, and consequently he could not have brought suit there if no assignment had been made, because the controversy would not have been between citizens of different states.

It has been uniformly held, that when the courts of the United States have once acquired jurisdiction, by virtue of the citizenship of the parties, it cannot be ousted by a change of residence; but as I understand this rule, it only applies when jurisdiction has actually vested by the commencement of a suit. There can be no doubt, that as a general rule, the jurisdiction depends upon the character of the parties at the time the suit is brought; and this is the only inquiry for the court in these cases. And I think the same rule must be adopted in this case. The limitation is confined to the time when the suit is commenced. Morgan v. Morgan, 2 Wheat. [15 U. S.] 290; Mollan v. Torrance, 9 Wheat. [22 U. S.] 537; Dunn v. Clarke, 8 Pet. [33 U. S.] 1; Clarke v. Matthewson, 12 Pet. [37 U. S.] 171.

The bill must accordingly be dismissed for want of jurisdiction.