## Case No. 2,576.

### CHAMBERLAIN v. ECKERT.

[2 Biss. 124.] [1]

Circuit Court, N. D. Illinois. April, 1869.

PLEA IN ABATEMENT—SUIT PENDING IN STATE COURT.

To a suit on a promissory note, defendant pleaded in abatement the pendency of a suit in the state court; plaintiff replied that since the filing of the plea, the suit had been dismissed. *Held*—a good replication.

This was a suit upon a promissory note. Defendant pleaded in abatement that at the time of commencement of this suit an action was pending in the circuit court of La Salle county upon the same note, and between the same parties, which action was still pending. Plaintiff replied that on the 6th of March, after the filing of the plea in abatement, but before the replication, the suit in the state court had been dismissed. Defendant demurred to replication.

J. Milton Peters, for plaintiff.

Elliott Anthony, for defendant.

===

## Case No. 2,577.

### CHAMBERLAIN v. ECKERT.

[2 Biss. 126.] [1].

Circuit Court, N. D. Illinois. April, 1869.

CIRCUIT COURTS—JURISDICTION—CITIZENSHIP—ACTION BY ASSIGNEE OF PROMISSORY NOTE.

1. The assignee of a promissory note (being otherwise competent) may maintain an action upon it if the assignor might have done so at the time of the commencement of the suit.

[Cited in Jones v. Shapera, 6 C. C. A. 423, 57 Fed. 461.]

2. The payee, a resident of the same state with the maker at the time the note was given, but having removed therefrom, may maintain an action in this court.

3. The words in the eleventh section of the judiciary act of 1789 [1 Stat. 78], "unless a suit might have been prosecuted * * * if no assignment had been made," refer to the time when the suit was commenced, not the time of the assignment.

4. It is not necessary that it should appear that the assignor could have brought suit upon it before assignment. Thaxter v. Hatch [Case No. 13,866], approved.

5. It seems that if the payee after the maturity of the note and before suit brought had become a citizen of the same state, the federal courts could not sustain jurisdiction.

Suit upon a promissory note by an assignee, the declaration alleging that the plaintiff is a citizen of Vermont, the assignor a citizen of Missouri, and the defendant a citizen of Illinois. Defendant pleaded pend-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ency of a former suit—replication that said suit had been dismissed. Demurrer to replication filed and overruled. See preceding case [No. 2,576]. Defendant then, without leave of court, filed a demurrer to the declaration. and this was a motion to strike it from the files.

J. Milton Peters, for plaintiff.
Elliott Anthony, for defendant.

DRUMMOND, District Judge. The plaintiff, when the demurrer to the replication was overruled, was entitled to judgment upon the demurrer. Before the defendant could rejoin to the replication or take any action in relation to the case, leave must have been granted by the court. The proper judgment of the court would follow upon the demurrer, as a necessary consequence. It is known, however, that as a general thing the court is very liberal in the exercise of its discretion and allows a demurrer to be withdrawn and issues of.fact to be taken. But in this case no rejoinder was put in, but the defendant demurred to the declaration. I have however, as it is a question of jurisdiction and might come up hereafter, examined the declaration. It is upon an assigned promissory note, and avers that the plaintiff is a citizen of Vermont, and that the assignor of the note is a citizen of Missouri, and that the defendant is a citizen of Illinois. I am satisfied that the court has jurisdiction of the case.

The ground taken by the defendant is, that it must appear upon the face of the declaration, where an action is brought upon a promissory note by an assignee, that the assignor could have brought suit upon the note before he assigned it. The question is, whether that is correct? The clause in the eleventh section of the judiciary act is: "Nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange." 1 Stat. 78.

The question is, to what time does the language "might have been prosecuted" apply. Does it apply to the time when the assignor held and owned the promissory note, or to the time when the suit is brought? If a promissory note is made by a citizen of Wisconsin to a citizen of the same state, and as such assigned by him to a citizen of New York, at the time that the assignor held the note he could not bring a suit in a federal court of Wisconsin, against the maker, because he was a citizen of the same state with the maker; neither could the assignee, a citizen of New York, bring a suit in the federal court of Wisconsin, while the assignor remained a citizen of Wisconsin, but if the assignor ceased to be a citizen of Wisconsin, then, as I take it, a suit could be brought in the federal court of Wisconsin, by the assignee and holder of the note, because, then, being in the position as "if no assignment had been made," he, a citizen of New York, could bring a suit. The assignor, who had ceased to be a citizen of Wisconsin, could, while he was holder of the note, bring suit in the federal court of Wisconsin, because he had changed his residence and his citizenship, and become a citizen of another state.

But if the rule contended for by the defendant is the true rule, then no change in the status of the payee, after the assignment, could ever enable a party to bring a suit, and it might happen, where the note was executed by the maker to the payee of another state, and at the time of the commencement of the suit in the federal court, he was of the same state with the maker, the suit could be maintained by the assignee, a citizen of another state, because you have to look according to the view of the defense, to the status of the parties at the time that the assignor held the note. And if he ever could have prosecuted the suit, the assignee could prosecute it, although at the time when the suit is brought the payee and maker are citizens of the same state. That would be the necessary consequence, and the question recurs; what does the language of the statute mean, "unless the suit might have been prosecuted in said court, if no assignment had been made?" I think it means at the time the suit was prosecuted, so that if it appears then that the assignor could have maintained the suit if no assignment had been made, the assignee being a citizen of another state, can maintain the suit.

The only authority mentioned contrary to this view is to be found in the cases of Rogers v. Linn [Case No. 12,015], and Fry v. Rosseau [Id. 5,141]. I admit that those two cases seem to imply that the question is, what is the status of the assignor at the time he held the chose in action, the promissory note. But these cases are not very fully reported, and apparently proceed upon an erroneous view of this clause of the eleventh section of the judiciary act. It should be observed, however, that the attention of the court was not drawn to the distinction between the status of the assignor at the time he was the owner of the note and at the time the suit was brought. It does not seem that point was at all considered by the court, in order that the proper discrimination might have been made, and therefore I cannot say but that if the attention of the court had been directed to the point which is now presented, it might have used different language from that we find in the reported cases.

In this case, admit that the maker and payee were citizens of Illinois. The plaintiff, a citizen of Vermont, sues in this court. Now what is his status? Suppose there had been

no assignment of this promissory note. It appears upon the face of the declaration that the assignor at the time the suit was brought could have maintained an action in this court, in the contingency named. He is averred to be a citizen of the·state of Missouri, so that the language of the act, (unless the ·suit might have been prosecuted in such court if no assignment had been made,) applies to him. It cannot be pretended that when a note is made by a citizen of one state to a citizen of the same state that the payee cannot remove to another state, and after he has so removed and become a citizen thereof, bring a suit in a federal court against the maker in the district where he resides. That can scarcely be claimed. So that the maker and the payee both being citizens of Illinois at the time this note was made, by the removal of the payee, Le Roy D. Dewey, to Missouri, he certainly could have maintained a suit on this note against the maker in the federal court of the district in which the maker resides, if no assignment had been made, and that being so, this plaintiff can maintain the action. The opinion now given accords with one reported some years since. Thaxter v. Hatch [supra].

A further illustration may be suggested by considering the time of the maturity of the note. If the maker and payee of the note sued on, in this case, were both citizens of Illinois when it was made, then the right of the assignee to sue in this court would depend, if I understand the argument of the defendant, upon the fact whether the payee was a citizen of Missouri when the note matured and was the owner, and so himself had the right to sue; in other words, that the payee must have first become a citizen of Missouri and allowed the note to mature before assignment, for both must concur to enable the assignor to sue in this court. And this, I think, demonstrates the error of the argument, because the claim is, if the payee, after the maturity of the note and after the assignment, became a citizen of Illinois at the commencement of the suit by the assignee, the court would still have jurisdiction, whereas, according to my reading of the statute, the fact that the assignor of the note is a citizen of Illinois at the commencement of the suit, would be fatal to the jurisdiction of the court.

The motion must be sustained and demurrer stricken from the files.

NOTE [from original report]. Where a judgment has been rendered in a state court between citizens of different states, and the judgment has been since assigned to a citizen of the same state as the original plaintiff, the circuit court has jurisdiction to sustain a bill in equity in favor of the assignee, although the original ground of the suit, on which judgment was rendered, was a negotiable chose in action, on which the circuit court could not have held jurisdiction under the restrictive clause of the eleventh section of the judiciary act of 1789. Dexter v. Smith [Case No. 3,866]. If the payee change his domicile to another state bona fide,

before maturity of note, he or his indorsee in such state may sue in the federal court. Kirkman v. Hamilton, 6 Pet. [31 U. S.] 20; Catlett v. Pacific Ins. Co. [Case No. 2,517]. Jurisdiction having once attached is not divested by change of domicil of one of the parties pendente lite. Morgan's Heirs v. Morgan, 2 Wheat. [15 U. S.] 290; Mollan v. Torrance. 9 Wheat. [22 U. S.] 537; Dunn v. Clarke. 8 Pet. [33 U. S.] 1; Clarke v. Mathewson, 12 Pet. [37 U. S.] 164; U. S. v. Myers [Case No. 15,844].