JONES et al. *v.* SHAPERA.

(Circuit Court of Appeals, Fifth Circuit. June 20, 1893.)

No. 110.

1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP—SUIT BY ASSIGNEE OF NOTE.
    Under the provision of the judiciary act of 1887–88, that the circuit courts shall not have jurisdiction of any action on a promissory note or other chose in action in favor of an assignee, unless such suit might have been maintained if no assignment had been made, the jurisdiction is to be determined according to the status at the time the suit is brought; and hence an assignee of a promissory note may sue on the same in the federal courts if the payee or first holder is then a resident of a different state from defendant, although he was a resident of the same state when the assignment was made.

**2. SAME—ALLEGATION OF DIVERSE CITIZENSHIP.**

To show jurisdiction on the record where the suit is on a note payable to an individual or order, the plaintiff, if an assignee of the payee, must allege a proper citizenship on the part of his assignor. But where the suit is by a subsequent holder on a note payable to bearer the plaintiff may disregard the original holder, leaving the citizenship of the latter, if affecting the jurisdiction, to be pleaded by defendant.

**3. EVIDENCE—PLEADING—DEFENSE BY INDORSER OF PROMISSORY NOTE—AFFIDAVIT.**

Rev. St. Tex. art. 1265, requires that where a suit shall be instituted by an assignee or indorsee of a written instrument the indorsement shall be regarded as fully proved, unless defendant deny in his plea that the same is genuine, and file therewith an affidavit stating that he believes, or has reason to believe, that such indorsement is forged. *Held,* that in a suit upon a promissory note alleged to have been made by J. and "J. & Brother," and indorsed in the same manner, when the answer admitted the signing and indorsement as laid, and defendant failed to file an affidavit as required, an offer by defendant to prove that the note had been originally indorsed "J. & Brandon" was properly excluded.

**4. NEGOTIABLE INSTRUMENTS—INDORSEMENT—NOTE PAYABLE TO BEARER.**

A promissory note payable to the maker's order, and indorsed by him in blank, is, in legal effect, a note payable to bearer, and is transferable by delivery.

In Error to the Circuit Court of the United States for the Northern District of Texas.

Suit by Charles Shapera against Travis F. Jones and W. H. Jones upon a promissory note. Judgment for plaintiff. Defendants bring error. Affirmed.

At the trial below, defendants offered to show by T. F. Jones, one of the defendants, sworn as a witness, that he signed and indorsed said note "Jones & Brandon," and not "Jones and Brother;" that there was when said note was executed a firm of Jones & Brandon, of which witness and J. H. Brandon were members, and of which W. H. Jones was not a member; and that there was not, and never had been, a firm of Jones & Brother,—to all of which evidence plaintiff objected, and it was not allowed.

The Revised Statutes of Texas provide as follows:

"Art. 1265. An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit: * * * (8) A denial of the execution by himself [defendant] or by his authority of any instrument of writing upon which any pleading is founded in whole or in part and charged to have been executed by him or by his authority, and not alleged to have been lost or destroyed. (9) A plea denying the genuineness of the indorsement or assignment of a written instrument as required by article 271."

"Art. 271. When a suit shall be instituted by an assignee or indorsee of any written instrument the assignment or indorsement thereof shall be regarded as fully proved unless the defendant shall deny in his plea that the same is genuine, and moreover, shall file with the papers in the cause an affidavit stating that he has good cause to believe and verily does believe that such assignment or indorsement is forged."

## Statement by PARDEE, Circuit Judge:

The defendant in error, Charles Shapera, an alien residing in Quebec, Canada, brought suit in the circuit court against W. H. Jones and Travis F. Jones, as partners composing the firm of Jones & Bro., and against Travis F. Jones individually, citizens of the state of Texas, and in his petition alleged "that on or about March 9, 1892, defendants, for a valuable consideration, executed and delivered to plaintiff their certain promissory note as follows, to wit:

"'Waco, Texas, March 9, 1892.

"'Ninety days after date, without grace, $3,000, for value received, we promise to pay to the order of ourselves at the Provident National Bank, at Waco, Texas, three thousand and no-100 dollars, with interest at the rate of ten per cent. per annum from date until paid, and ten per cent. additional on amount of principal and interest unpaid for attorneys' fees if placed in the hands of an attorney for collection. This note is secured by pledge of the securities mentioned on the reverse hereof; and in case of its nonpayment, or should the drawer hereof, when called on, refuse or fail to keep the margin hereon good, the holder is hereby authorized to sell the said securities at public or private sale, without recourse of legal proceedings, and to make any transfers that may be required, applying proceeds of sale towards the payment of within note.

    [Signed]                              " 'Travis Jones.
                                        " 'Jones & Brother.'

"Said note before said delivery was indorsed as follows:

"'Certificate Nos. 16, 26, and 33, of ten shares each, of the capital stock of the Provident Investment Company, of Waco, Texas.

                                    " 'Travis F. Jones.
                                      " 'Jones & Brother.'

"And by the execution and delivery of said note defendant became liable and promised to pay plaintiff the sum of $3,000 on June 7, 1892, with ten per cent. interest per annum from March 9, 1892, at the place mentioned in said note, and 10 per cent. additional on amount of principal and interest unpaid for attorneys' fees if placed in the hands of an attorney for collection, whereby said attorneys' fees have also become due, yet, though often requested, defendants refuse to pay the same, to plaintiff's damage four thousand dollars."

—To which petition the plaintiffs in error, defendants below, filed the following original answer: "Now, at this time come the defendants for the purpose of this demurrer, and plead to the jurisdiction of this court over them, and for that purpose only, and demur to the jurisdiction of this court because the plaintiff's petition shows that this court hath no jurisdiction over these defendants, nor of the subject-matter of this suit; and, especially demurring to the jurisdiction of this court, these defendants show that the bill of exchange or promissory note sued on herein is payable to bearer, and payable in the state of Texas, and in the city of Waco, was made, indorsed, and delivered in said city of Waco, and is to all intents and purposes domestic paper, payable to bearer, and this court hath no jurisdiction to enforce the collection of such paper. But, not waiving said general and special demurrer, these defendants come and further show that the note sued on herein was made, executed, and delivered in the city of Waco, in the state of Texas; that the consideration for the execution thereof was received in the city of Waco, in the state of Texas, and the money borrowed thereon was borrowed from M. N. Rosenthal, and said note was delivered to said M. N. Rosenthal in said city of Waco, after it had been indorsed in blank on the back thereof by these defendants. That they are informed and believe, and now here so charge, that said note is the property of the said M. N. Rosenthal, and was his property when delivered by these defendants, who was at said time a resident citizen of the state of Texas, having his home and domicile in Waco, McLennan county. And these defendants further allege, and so charge, and they are informed and believe, that the note sued on herein is now the property of the said M. N. Rosenthal, and that this suit is brought in the name of said Charles Shapera, plaintiff, who claims to be an alien, and subject to the kingdom of Great Britain and Ireland, and sues for the purpose of attempting to improperly confer jurisdiction on this court; and that said allegations that said Charles Shapera is the owner of said note are false and fraudulent, and made for the purpose of attempting to confer jurisdiction herein."

The case was tried on the issues thus made, and from an adverse verdict and judgment the plaintiffs in error have brought the case to this court for

review, assigning errors as follows: "(1) The court erred in instructing the jury to find for the plaintiff the amount of note, interest, and attorneys' fees, and no further, because there was a sufficient plea showing that the court had no jurisdiction, and that the same was supported by the evidence, as manifest from bill of exceptions No. 1; it appearing therefrom that Rosenthal took and transferred the note while a citizen of Texas. (2) The court erred in the admission of the note in evidence over defendants' objection, because there was a fatal variance between plaintiff's pleadings and the note, as shown by inspection of the same, as shown by bill of exceptions. (3) The court erred in excluding the testimony of the defendant and witness T. F. Jones that said note so introduced was not made and indorsed 'Jones & Brother,' but by Jones & Brandon, and that there was at the time said note was made a firm of Jones & Brandon, composed of witness and W. H. Brandon, of which W. H. Jones was not a member, and that there was no firm of Jones & Brother, and had not been, as shown by bill of exceptions. (4) The court erred in the refusal of the special charges requested by defendants as to the jurisdiction set out in defendants' bill of exceptions, in substance that, if Rosenthal acquired the paper while a citizen of Texas, the jury would find for defendants on their plea to the jurisdiction."

L. C. Alexander, for plaintiffs in error.

S. L. Samuels, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge, (after stating the facts.) The so-called "original answer" is made up of a demurrer to the jurisdiction on the ground that the paper sued on is payable to bearer and payable in the state of Texas, and was made and indorsed and delivered in Texas, and is to all intents and purposes domestic paper, and a plea to the jurisdiction on the ground that the plaintiff was not the real owner of the note sued on, but the same belonged to a citizen of Texas, the transfer being wholly fraudulent and collusive for the purpose of conferring jurisdiction. The demurrer seems to have been abandoned. The record shows no ruling upon it, and no question about it is made in this court. Evidence seems to have been taken on the plea; and, as recited in the first bill of exceptions, it was shown that the note sued on was made and delivered to M. N. Rosenthal for value on its date shown by the pleadings; that at the time said Rosenthal was a citizen of the state of Texas, and while still a citizen of said state transferred said note by delivery to plaintiff for value; and it was further shown that in July, 1892, thereafter, said Rosenthal became a citizen of the state of Illinois, and has ever since been a citizen and resident of that state; and thereupon the defendants requested the court to instruct the jury:

"(1) If you believe from the evidence that M. N. Rosenthal loaned to T. F. Jones money as his own in the state of Texas, for which the note in evidence was given, and said Rosenthal was at the time a citizen of the state of Texas, you will find for the defendants on their plea to the jurisdiction.

"(2) If you believe that at some time before the date of the note sued on another note was executed and delivered to said Rosenthal by defendants for money loaned, and that he was a citizen of Texas, and that thereafter the present note sued on was so executed and delivered by defendants to said

Rosenthal in lieu of said first note in part, and that said Rosenthal was a citizen of Texas at the time, you will find for the defendants on their plea to the jurisdiction."

—Which instructions were refused by the court.

There can be no question that these instructions were properly refused. The second one does not seem to be at all applicable to the case, so far as any evidence was before the court and jury to support it. The first, if applicable to the evidence, is not sufficiently definite and specific to be adopted as a proposition of law. The real question presented by the evidence offered in support of the plea is whether, as the note sued on was originally executed and delivered by the makers and indorsers to Rosenthal, then a citizen of Texas, who afterwards, and while a citizen of Texas, transferred and delivered the same for value to the plaintiff, the said Rosenthal thereafter and before the institution of this suit removing to and becoming a citizen of the state of Illinois, the court had jurisdiction on the ground of adverse citizenship to entertain the plaintiff's suit. The judiciary act of 1887 and 1888 provides as follows:

"Nor shall any circuit court nor district court have cognizance of any suit except upon foreign bills of exchange to recover the contents of any promissory note or other chose in action in favor of any assignee or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless said suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made."

In this present case, if no transfer of the note sued on had been made, Rosenthal would have been the owner and holder of the same; and as he was a citizen of the state of Illinois on December 2, 1892, (the date of suit,) he could have brought suit in the court below. Kirkman v. Hamilton, 6 Pet. 20.

The contention of the plaintiff in error is that, as at the time when the transfer was actually made, Rosenthal was a citizen of Texas, the jurisdiction is to be determined by the state of facts then existing, and that Rosenthal's subsequent change of citizenship cannot confer jurisdiction on the court in behalf of the transferee. In White v. Leahy, 3 Dill. 378, a citizen of Missouri, and assignee of a note, brought suit thereon against the maker, a citizen of Kansas. The payee, when the note was made, and when he indorsed it to plaintiff, was also a citizen of Kansas, but when the suit was brought he (the payee) was a citizen of Texas; and the court held:

"If no assignment of this note had been made, the assignor might, being at the time when the suit was brought a citizen of Texas, have then commenced it; and under the statute his assignee has the same right. If the restriction on the assignor does not exist at the time the suit is commenced the court has jurisdiction if the case involves the requisite amount, and is between a citizen of the state where suit is brought and a citizen of another state."

Chamberlain v. Eckert, 2 Biss. 126, and Thaxter v. Hatch, 6 McLean, 68, are to the same effect.

In the case of Mollan v. Torrance, 9 Wheat. 537, which was a case involving the jurisdiction under section 11 of the judiciary act of 1789, in a suit brought by an indorsee of a promissory note

against the indorser, a resident of the same state as the maker of the note, Chief Justice Marshall says:

"It is quite clear the jurisdiction of the court depends upon the state of things at the time of the action brought, and that, after vesting, it cannot be ousted by subsequent events."

See, also, Bradley v. Rhines' Adm'r, 8 Wall. 393.

It seems to be recognized in all the decisions of the supreme court to which our attention had been called that, where in any suit brought by an assignee of a chose in action the citizenship of the assignor was material, it has always been considered with reference to the time when the action was commenced, and this whether the case arose under the eleventh section of the act of 1789, the judiciary act of 1875, or the judiciary act of 1887 and 1888. See Morgan v. Gay, 19 Wall. 82; Metcalf v. Watertown, 128 U. S. 588, 9 Sup. Ct. Rep. 173; Parker v. Ormsby, 141 U. S. 85, 11 Sup. Ct. Rep. 912.

The note sued on in this case, being payable to the makers' order, and indorsed by them in blank, is, in legal effect, a note payable to bearer. Daniel, Neg. Inst. § 130; Bank v. Barling, 46 Fed. Rep. 357; Steel v. Rathbun, 42 Fed. Rep. 390. In Bullard v. Bell, 1 Mason, 247, Mr. Justice Story said:

"A note payable to bearer is often said to be assignable by delivery, but in correct language there is no assignment in the case. It passes by mere delivery, and the holder never takes any title by or through any assignment, but claims merely as bearer. The note is an original promise by the maker to pay any person who shall become the bearer. It is therefore payable to any person who successively holds the note bona fide; not by virtue of any assignment of the promise, but by an original and direct promise moving from the maker to the bearer."

This doctrine is indorsed by the supreme court in Thompson v. Perrine, 106 U. S. 589–593, 1 Sup. Ct. Rep. 564, 568.

In the matter of showing jurisdiction on the record between the cases where one sues on a note payable to an individual or order and where one sues on a note payable to bearer, the difference is that in the former the plaintiff, if an assignee of the payee, must allege a proper citizenship on the part of his assignor, but in the latter the plaintiff, if a subsequent holder, may disregard the original holder, leaving the citizenship of the latter, if affecting the jurisdiction, to be pleaded by the defendant.

It follows that the first and fourth assignments of error in this case, relating to the jurisdiction of the court, and to the necessity of the same appearing affirmatively on the record, are not well taken.

The plaintiff sued Travis F. Jones and Jones & Bro. as the makers and indorsers of the promissory note set forth in the petition. The answer admits the making of the said note as alleged. The note offered in evidence, and which, by order of the circuit court, has been sent up with the transcript, purports to be a note made and indorsed by Travis F. Jones and Jones & Bro. It is true that in the signature of Jones & Bro. two kinds of ink appear to have been used, but we cannot say, upon inspection, that there is any

variance between the note sued on and the one offered in evidence.

The evidence of Travis F. Jones, as set forth in the bill of exceptions, was not admissible under any issue made in the case. See article 1265, Rev. St. Tex. The authorities cited by the learned counsel for plaintiff in error—Park v. Glover, 23 Tex. 470; Collins v. Ball, 82 Tex. 259, 17 S. W. Rep. 614—do not apply.

On the whole case we find no reversible error, but we are not prepared to say that the case of the plaintiffs in error is frivolous, or was brought to this court for delay. The judgment of the circuit court is affirmed, with costs.