MILTON G. SHAW, et. als. *vs.* COUNTY COMMISSIONERS.

Piscataquis.     Opinion February 21, 1899.

*Way.  Petition.  Appeal.  Commissioners.  Jurisdiction.*

Upon a petition to county commissioners praying that they will " discontinue all or so much of said highway as is not demanded by the public or required by common convenience and necessity, *or* alter the same as in their judgment is required " it was objected that the county commissioners made no adjudication upon so much of the petition as prays for a discontinuance. *Held;* that the petition does not request unconditional discontinuance, but either that or alteration. As the latter was granted, the objection is not tenable.

In this case an appeal was taken by the petitioners from the action of the commissioners, and a committee was appointed to review their action, who reported that the judgment of the commissioners should be affirmed. Among the objections against the acceptance of the committee's report are these: "Because the highway (laid out between Lily Bay on Moosehead Lake and Roach River Pond in Piscataquis county) asked to be discontinued or altered does not connect with any public way or thoroughfare;" and " because the county commissioners had no authority to locate said highway, as it does not connect with any (other) highway. It commences in one unincorporated township and ends in another." *Held;* that the objections are not tenable or meritorious.

The question whether the commissioners, who laid out the road ten years ago or more, had jurisdiction to lay out the road as it was laid out in the beginning, is not now an open question; and cannot be revived or considered in such proceedings as these. The petition in this case under consideration does not, by its terms or by implication, pretend to present such a question; nor is there anything indicating that such a question was presented or discussed before the commissioners or the committee.

ON EXCEPTIONS BY APPELLANTS.

This was a petition for the discontinuance or alteration of a highway. It was submitted to a committee, who have heard the parties and filed their report, affirming the doings of the county commissioners. And thereupon, upon motion that the same be accepted, the appellants filed objections thereto, and introduced in support thereof a copy of the record of the petition and return of the commissioners thereon in locating said way. After hearing the parties the court ruled and ordered that the report be accepted.

To this ruling the appellants excepted.

The case is sufficiently stated in the opinion.

*Henry Hudson,* for appellants.

*J. F. Sprague,* for county commissioners; *W. E. Parsons,* for John Morrison.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, FOGLER, JJ. SAVAGE, J., having been a member of the road committee did not sit.

PETERS, C. J.   The petitioners allege that a highway was laid out, in 1886, between the shore of Lily bay on Moosehead lake and Roach river pond in Piscataquis county, by the county commissioners of that county, the road and its termini being (as they say) within the limits of unincorporated townships; and they pray that the county commissioners will "discontinue all or so much of said highway as is not demanded by the public or required by common convenience and necessity, *or* alter the same as in their judgment is required."

After due notice and hearing, the commissioners adjudged "that common convenience and necessity do require that an alteration in said way as prayed for in said petition be made, and that the prayer of said petition relating to said alteration be granted." And the commissioners proceeded to locate and establish the alteration prayed for accordingly.

An appeal having been taken by the petitioners from the action of the commissioners, and a committee appointed to review their action, who reported that the judgment of the commissioners should be affirmed, objection is now alleged by the petitioners against the acceptance of the report of the committee on several grounds, none of which seem to us to be tenable or meritorious.

The first objection is that the county commissioners made no adjudication upon so much of the petition as prays for a discontinuance of the road. The answer to this objection is that the petition does not request unconditional discontinuance, but either that or alteration, and the latter is granted. Both alteration and discontinuance would be inconsistent. If a mechanic constructs

an article for a customer, and on its presentation to the customer
he requires the constructor to either make an alteration or take it
back, could it be understood that the article should be altered and
amended as required and also be taken back?    When the petition-
ers here have requested the commissioners to discontinue so much
of the road as is not required by convenience and necessity, or ,
alter the same as in their judgment is required, and the commis-
sioners respond to the petition that its prayer relating to such alter-
ation be granted, do they not clearly declare that in their judg-
ment a discontinuance is not necessary and is refused?    We think
the inference is irresistible.    The omission, if it be such, is a
silence that speaks loudly.    .And the maxim applies: Expressio
unius est exclusio alterius.

The other objections against the acceptance of the report of the
committee are: "Because the highway asked to be discontinued
or altered does not connect with any public way or thoroughfare;"
and "because the county commissioners had no authority to locate
said highway, as it does not connect with any (other) highway.
It commences in one unincorporated township and ends in another."
These two propositions are but one objection, namely, that the
road does not subserve the public by connecting with any other
county way, a doctrine discussed in *King* v. *Lewiston,* 70 Maine,
406, and in previous cases.    This objection is met by opposite
counsel with the suggestion that the road does adjoin another
public way, because it starts from Lily bay on Moosehead lake, a
great public way.    And it is further argued that the doctrine con-
tended for by the petitioners does not apply to roads laid out
wholly over unincorporated territory.

But in our judgment whether these points presented by the
respondents are available or not, they are unnecessary.    The ques-
tion whether the commissioners, who laid out the original road ten
years ago . or more, and who have been, to our official knowledge,
teased with oppositions and litigations frequently since respecting
it, had jurisdiction to lay out the road as it was laid out in the
beginning, is not an open question here.    That question was settled,
or might have been, in the long ago contentions between the

parties, and cannot be revived or considered in proceedings such as these. The petition now under consideration does not, by its terms or by implication, even pretend to present such a question, and there is nothing indicating that such a question was presented or discussed before the commissioners or the committee. Certainly the maxim, interest reipublicæ ut sit finis litium, applies here.

*Exceptions overruled.    Costs for respondents.*