BESSIE S. DOUGHTY

*vs.*

MAINE CENTRAL TRANSPORTATION COMPANY.

Cumberland.    Opinion, November 4, 1944.

*Nathan W. Thompson,*

*Richard S. Chapman,* for the plaintiff.

*William B. Mahoney,*

*John B. Thomes,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, JJ. MURCHIE AND CHAPMAN, JJ., did not sit.

HUDSON, J.   The defendant excepts to a ruling below sustaining the plaintiff's demurrer to its plea, wherein, by way of brief statement, a special statute of limitations was set up in defense.

This action is assumpsit, brought to recover damages for personal injuries suffered by the plaintiff on June 15, 1942, while a fare-paying passenger on a motor bus owned and operated by the defendant, when the bus left the travelled portion of the highway and collided with a tree near Bethel, Maine.

In the brief statement, the defendant alleged "That under Section 11 of Chapter 66 of the Revised Statutes of Maine, 1930, it is provided that this action shall be commenced only within one year after the cause of action occurs." It was not brought within the year.

Sec. 11 reads as follows:

"Actions of tort for injuries to the person or for death and for injuries to or destruction of property caused by the ownership, operation, maintenance or use on the ways of the state of motor vehicles or trailers subject to the supervision and control of the public utilities commission, shall be commenced only within one year next after the cause of action occurs."

The question is the applicability of this statute. The plaintiff contends that in place of Sec. 11, the statute governing the time in which this action could have been brought lawfully is Chap. 95, Sec. 90, Par. IV, R. S., 1930, which reads in part:

"The following actions shall be commenced within six years after the cause of action accrues and not afterwards.

\* \* \*

"IV. Actions of account, of assumpsit or upon the case, founded on any contract or liability, express or implied."

If this statute is applicable, this action was seasonably commenced.

The gist of the defendant's argument is that this "action, in substance, is one 'of tort' " and that "if the words 'of tort' are directed to the form of the action rather than to its substance, then the action is one for personal injury for negligence" and "is controlled by the limitation in Sec. 11."

Thus we are called upon to construe the statutory words "actions of tort for injuries," etc. It is elemental that in doing this we must attempt to discover the legislative intent. That intent is to be sought from the language used by the legislature and we should not substitute language of our own in place of that used by it or do violence to its language. Furthermore, regarding this statute in derogation of common law, it must be strictly construed.

Then what did the legislature intend when it said "actions of tort"? Had it in mind the form of the action or the cause of action upon which it would be based? Counsel agree upon the law enunciated in *Goddard* v. *Grand Trunk Railway*. 57 Me., 202, 2 Am. Rep., 39, where the Court on pages 217 and 218 said:

> "The law requires the common carrier of passengers to exercise the highest degree of care that human judgment and foresight are capable of, to make his passenger's journey safe. Whoever engages in the business impliedly promises that his passenger shall have this degree of care . . . . The passenger's remedy may be either in assumpsit or tort, at his election."

> "The law requires him" (meaning a common carrier) "to carry with impartiality and safety for those who offer. If he fails to do so, he is chargeable with a tort. But when goods are delivered to him for carriage, there is also a contract, express or by operation of law, that he will carry with impartiality and safety;

and if he fails in this there is a breach of contract. Thus for the breach of the general duty, imposed by law because of the relation, one form of action may be brought, and for the breach of contract another form of action may be brought." Cooley on Torts, Third Edition, Vol. 1, page 159.

This from 37 C. J., Sec. 73, page 749:

"Viewed with reference to the statute of limitations, an action against a carrier, whether of goods, or of passengers, for injury resulting from a breach of contract for safe carriage is one on contract, and not in tort, and is therefore governed by the statute fixing the period within which actions for breach of contract must be brought."

To the same effect, 25 Cyc., Sec. 3, page 1033. In both C. J. and Cyc., *supra,* are cited many cases sustaining the context.

In *Lamb, Executor,* v. *Clark,* 22 Mass., 193, it is stated on page 198:

"If an injured party has a right to either of two actions, the one he chooses is not barred, because the other, if he had brought it, might have been."

In *United States* v. *Whited & Wheless, Ltd.,* 246 U. S., 552, 38, S. Ct., 367, 62 Law Ed., 879, 882, 883, Mr. Justice Clarke held likewise, citing *Lamb* v. *Clark, supra.*

Later, in *Currier* v. *Studley,* 159, Mass., 17, 27, 33, N. E., 709, 713, that Court said:

"It is well settled, also, that one remedy may be barred and another not. The question in each case is

*whether the remedy that is chosen is barred."* (Italics ours)

In *Hughes* v. *Reed et al.,* 46 F. (2d) , 435, the Court stated on page 440:

"Stated more accurately, the question presented to us is whether the facts alleged state a breach of an implied contract, for, if the facts disclose both a breach of an implied contract and a tort, the appellant may recover in debt or assumpsit, although the remedy in tort is barred by limitations . . . . Where doubt exists as to the nature of the action, courts lean toward the application of the longer period of limitations."

Also see *Frankfort Land Co.* v. *Hughett,* 137 Tenn., 32, 191 S. W., 530, in which the tort was waived and action in indebitatus assumpsit was brought and the Court applied the assumpsit rather than the tort statute of limitations.

It must be assumed that the legislature enacted Sec. 11 with knowledge of the law as to the right of choice of remedies. With this knowledge it said "actions of tort," not "actions of tort and/or contract," not simply "actions to recover damages, etc.," not "actions to recover damages for a personal injury resulting from negligence," as in *Webber* v. *Herkimer & M. St. R. Co.,* 109 N. Y., 311, 16 N. E., 358, relied on by the defense, but it confined the limitation to "actions of tort." This language is plain. One of two possible remedies, assumpsit or tort, was chosen for the one-year limitation. It omitted actions *ex contractu,* to which another statute already applied. In the language of Chief Justice Peters, in *Shaw et al.* v. *County Commissioners,* 92 Me., 498, on page 500, 43 A., 105, 106. "The omission, if it be such, is a silence that speaks loudly. And the maxim applies: *Expressio unius est exclusio alterius."* This maxim was employed

also in *State* v. *Giles,* 101 Me., 349, on page 353, 64 A., 619, 620, where the Court said: ". . . it is remarkable that it" (meaning the legislature) "should have made explicit provision for the action of debt alone and made no allusion whatever to the complaint or indictment in that connection."

Sec. 11 relates to legal proceedings, that is, actions of tort, and it was early decided in this state that "The legislature must be supposed to employ language relating to legal proceedings, in its well known legal acceptation . . . ." *McLellan* v. *Lunt,* 14 Me., 254, on page 258.

Not long ago this Court stated in *Portland Terminal Co. et al.* v. *Boston and Maine Railroad,* 127 Me., 428, on page 436, 144 A., 390, 393:

"It is a fundamental rule in the construction of statutes, that unless inconsistent with the plain meaning of the enactment, words and phrases shall be construed according to the common meaning of the language, and technical words and phrases and such as have a peculiar meaning convey such technical and peculiar meaning. R. S., Chap. 1, Sec. 6. In and of this major rule is the rule that legal terms are presumed to be used according to their legal significance. *McLellan* v. *Lunt,* 14 Me., 258."

Without question, assumpsit and tort as used in these statutes are names of certain remedies at law and constitute legal terms, well known by members of the legal profession, and as such they are presumed to be used according to their legal significance. We cannot believe that the legislature, when it said in this statute "actions of tort," intended to include actions of assumpsit, although the claimed breach of the implied promise were founded originally on the commission of a tort. As stated by Chief Justice Marshall in *Kirkman* v. *Hamilton,* 6 Peters, 20, 23, 8 L. Ed., 305, "This

statute bars the particular actions it recites, and no others."

In the recent case of *Alropa Corp.* v. *Britton*, 135 Me., 41, 188 A., 722, in dealing with the applicability of a statute of limitations, we said on page 43:

"It is the form of action adopted by the pleader, rather than the cause of action upon which it is based, which determines the period within which it may be commenced."

To the same effect, *Currier* v. *Studley*, supra, on page 27.

This plaintiff could have sued either in assumpsit or in tort; she had her choice. She elected to sue in assumpsit, and hence the assumpsit statute of limitations rather than the tort is applicable.

*Exceptions overruled.*